*H. P. Biddle* and —— *Brouse*, for the appellant. .

May Term,
**1859.**

JOHNSON
v.
PATTERSON.

———————

. JOHNSON and Others *v.* PATTERSON and Others.

| 12 | 471 |
| 143 | 237 |

Unless defendants were shown to be non-residents of the state, they could not be proceeded against by publication, under the R. S. 1843, p. 833, § 14; and § 40, 2 R. S. p. 36, is substantially the same.

The case of *The Unknown Heirs of Whitney* v. *Kimball,* 4 Ind. R. 546, approved.

APPEAL from the *Hamilton* Circuit Court.

WORDEN, J.—Bill in chancery filed in 1853, by the appellees against the appellants, to quiet and settle the title to certain real estate. The unknown heirs of *Elizabeth Holliday* were proper and necessary parties. They were made parties to the bill, and a decree taken against them, as well as the other defendants in the cause. They did not appear.

Wednesday,
*June 15.*

One of the errors assigned is, that the Court had not jurisdiction over them, they not having been duly notified, and the proper steps not having been taken to bring them into Court.

The statute provides that, "in cases where it shall be necessary to make any persons defendants to any bill, and the names of all or any of them shall be unknown to the complainant, and he shall annex to his bill, an affidavit of his want of knowledge of the names of such persons, and that their residence is, as he verily believes not in this state, proceedings may be had against them, without naming them, and the Court shall make such order respecting notice and the publication thereof, as they may deem proper." R. S. 1843, p. 833, § 14. The same provision is, in substance, reënacted in the code of 1852, vol. 2, p. 36, § 40.

May Term, 1859.

THE NEW ALBANY, &C., RAILRO'D CO.
v.
McPHETERS.

There was an affidavit of the solicitor for the complainants filed, that he had been informed and believed that the names of the heirs of *Elizabeth Holliday* were unknown to the complainants; but there was no affidavit of any of the complainants, or other person, that those heirs were not, as he verily believed, residents of the state of *Indiana.* There was publication made as to those heirs, but no order of the Court appears to have been made respecting notice and the publication thereof, in the manner directed by the statute.

Passing over the question whether the solicitor could make a sufficient affidavit as to the complainants' want of knowledge of the names of the heirs; and also as to the validity of a publication made without a previous order of Court in reference to it, we are of opinion that the proceedings are fatally defective, in not showing that such heirs were not residents of the state of *Indiana.* Unless they were shown to be non-residents, they could not be proceeded against by publication, at all. The statute in question must be substantially complied with, which is not done in the present case. See *The Unknown Heirs of Whitney* v. *Kimball,* 4 Ind. R. 546.

For this reason the judgment will have to be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Davis,* for the appellants.