Sowders *v.* Edmunds *et al.*

No. 7978.

SOWDERS *v.* EDMUNDS ET AL.

JUDGMENT.—*Constructive Notice.*—A valid personal judgment can not be rendered in a case where the notice to the defendant is by publication only, and there has been no appearance by or on behalf of the defendant.

SAME.—*Divorce.*—*Alimony.*—*Sheriff's Sale.*—*Real Estate.*—*Evidence.*— Title to real estate derived through a purchase at sheriff's sale under a judgment for alimony and decree of divorce, rendered against the owner of such real estate upon notice of the action by publication only is invalid as against such owner; and, in an action by him to recover the same, such judgment, execution, levy and sale thereunder, and deed in pursuance thereof, are inadmissible in evidence.

From the Dearborn Circuit Court.

*F. Adkinson* and *G. M. Roberts*, for appellant.

*N. S. Givan, J. D. Haynes* and *J. K. Thompson*, for appellees.

WOODS, J.—Complaint in the usual form, for the recovery of the possession of real estate. Two of the defendants made default. The others answered by a general denial. Trial by the court; finding and judgment for the defendants. The plaintiff appeals, and assigns error upon the overruling of his motion for a new trial, the grounds of which motion are, that the finding is contrary to the law and to the evidence, and that the court erred in admitting in evidence the record of the decree of divorce and allowance of alimony in the case of *Charlotte Sowders* v. *Frederick Sowders*, and the sheriff's deed of the land in controversy.

We have no brief from the appellee. The proof showed that the plaintiff purchased the land, and received a warranty deed therefor, on the 24th day of February, 1847, from Jacob Dennis. who was then in actual possession, and delivered the possession to the plaintiff. The plaintiff occupied until February, 1874, when he went away, leaving his family in the possession. The plaintiff abandoned his family, left the State, and remained away, having no communication with, and hearing nothing from, his wife or children,

until September, 1876, when he returned to the State.   On the 17th day of September, 1874, the plaintiff's wife, Charlotte, obtained, in the Dearborn Circuit Court, a decree of divorce and a judgment for alimony in the sum of four thousand dollars.   This judgment was rendered without personal service of summons and without actual notice in any form to the appellant, and without any appearance to the case for him, the only notice being by publication against him as a non-resident.   Execution was issued upon this judgment, levied upon the land in dispute, and by virtue of said writ the sheriff, in accordance with the forms of law, on the 12th of December, 1874, sold the land to said Charlotte Sowders for three thousand dollars, and on the 28th day of January, 1876, made her a deed in consummation of the sale.   Said Charlotte thereafter died intestate, leaving as her only heirs four daughters, children of the appellant, who, with their husbands, are the defendants and appellees.

The appellant objected and excepted to the introduction in evidence of the judgment for alimony, the execution issued thereon, the return of the sheriff's sale, and the sheriff's deed, on the ground that the judgment and execution were on their face void.

The objection should have been sustained.   A valid personal judgment can not be rendered in a case where the notice to the defendant is by publication only, and there has been no appearance by or on behalf of the defendant. *Beard* v. *Beard*, 21 Ind. 321; *Lytle* v. *Lytle*, 48 Ind. 200; *Middleworth* v. *McDowell*, 49 Ind. 386.

The plaintiff made clear and undisputed proof of title in himself, and the claim of title set up by the appellees can not be upheld.   The appellant was not perhaps a non-resident when the divorce suit was instituted, and might have been served by copy of the summons left at his last and usual place of residence, but this was not done; and if he was such resident, and to be treated as temporarily absent,

then notice by publication was not authorized, and the procedure void. On the contrary, if he had become a nonresident, subject to notice by publication, notice so given, in the absence of an appearance, did not authorize a personal judgment. Cases *supra*. The affidavit on which the publication in the case was had was that he was a non-resident.

The judgment is reversed, with costs.