89   105
128   515

No. 8941.

## McCormick et al. *v.* Webster.

Judgment.—*Principal and Surety.—Pleading.*—Error in presenting an issue by answer, as to the question of suretyship in an action upon a note, instead of by cross complaint, does not make the judgment establishing the suretyship void; nor does the fact that such pleading was not properly signed affect the validity of the judgment.

McCormick *et al. v.* Webster.

SAME.—*Jurisdiction.*—*Presumption.*—Where the record of a court of general jurisdiction is silent upon the subject, jurisdiction will be presumed.

SAME.—Where a plaintiff takes judgment, in an action upon a promissory note, on the same day that one of the defendants files an answer of suretyship, and a judgment is entered accordingly, such plaintiff can not afterwards question the jurisdiction of the court on account of want of legal service of process.

SAME.—*Notice.—Collateral Attack.*—The judgment of a court of general jurisdiction can not be collaterally attacked where there has been some service of notice, although such notice and service may be materially defective.

From the Porter Circuit Court.

*H. A. Gillett, A. D. Bartholomew* and *J. G. Smith,* for appellants.

*F. Church, W. Johnston* and *W. Pagin,* for appellee.

ELLIOTT, J.—Appellants Cyrus H. McCormick and Leander J. McCormick sued John E. Baum and the appellee on a promissory note; the latter filed an answer alleging that he was Baum's surety, and judgment was so entered and a provision embodied in it that no stay of execution should be allowed to the principal debtor unless the replevin bail would specially undertake to pay the judgment in case it could not be collected of the principal; the judgment was stayed by one Westbinder, who became insolvent and his real estate on which the lien attached passed into the hands of the appellant Powell; the judgment plaintiffs, McCormicks, issued an execution on their judgment and directed that it be levied on the property of appellee, and this action was brought by him to enjoin the enforcement of the judgment.

The appellants insist that the judgment establishing the suretyship is utterly void and may be collaterally attacked.

It is said that the question of suretyship should have been presented by cross complaint and not by answer, and that because of its having been presented by answer the judgment is void. There is no merit in this contention. Error in presenting an issue by plea instead of by cross complaint does not

make a judgment void. There is a wide difference between an erroneous judgment and a void one.

The fact that the pleading was not properly signed does not affect the validity of the judgment.

It is contended that the court did not have jurisdiction to render such a judgment as is relied on by appellee. Where the record of a court of general jurisdiction is silent, jurisdiction is presumed, and we must, therefore, presume that the court did possess the requisite jurisdiction. *Bloomfield R. R. Co.* v. *Burress,* 82 Ind. 83 ; *Dwiggins* v. *Cook,* 71 Ind. 579.

The fact that judgment was rendered on the same day that the pleading was filed does not establish want of jurisdiction in a case like this, where the plaintiffs themselves take the judgment and allow it to pass unquestioned for six or seven years. It can not be justly argued that there was no jurisdiction because there could not have been legal service of process. It may have been that there was one day's service, and if so the judgment would not be void, for if there is some notice and some service the judgment can not be collaterally impeached, although the notice and service may be materially defective. *Stout* v. *Woods,* 79 Ind. 108 ; *McAlpine* v. *Sweetser,* 76 Ind. 78 ; *Hume* v. *Conduitt,* 76 Ind. 598 ; *Muncey* v. *Joest,* 74 Ind. 409. It may be that the principal voluntarily appeared and acknowledged the suretyship ; it may be that the fact was disclosed in other pleadings ; at all events, there is nothing countervailing the presumption that the court had jurisdiction to try and determine the question of suretyship.

Judgment affirmed.