Bateman v. Miller.

·him by the mortgagor and his vendor, but must be ascertained by a decree and sale made under authority of law.

Judgment reversed.

Filed April 20, 1889.

———————◆———————

No. 13,744.

BATEMAN v. MILLER.

118 345
148 78
150 267
150 268
118 345
154 379

JUDGMENT.—*Jurisdiction.—Collateral Attack.* — Where a court of general jurisdiction has jurisdiction of the subject-matter of an action and of the parties thereto, its judgment is not void and can not be collaterally attacked, but is binding until reversed or set aside in some appropriate proceeding for that purpose.

·SAME.—*Presumption as to Jurisdiction.*—Where a judgment is rendered by a court having jurisdiction of the subject-matter of the action, it will be presumed, where its record is silent, that it acquired jurisdiction of the parties.

REAL ESTATE.—*Mortgage.—Foreclosure.— Sale. — Title of Purchaser Relates Back.*—The title acquired by a purchaser at a sale under a decree foreclosing a mortgage relates back to the date of the mortgage.

·SAME.—*Ejectment.—Possession by Stranger.—Disclosure of Title.*—Where such a purchaser, in an action by him to recover possession against one who was not a party to the foreclosure suit, makes out, *prima facie*, a perfect .title, the defendant, if he has any title, must disclose it.

From the Montgomery Circuit Court.

*W. H. Thompson* and *J. West*, for appellant.

*M. E. Clodfelter* and *J. A. Lindley*, for appellee.

COFFEY, J.—This was an action brought in the Boone ·Circuit Court by the appellant against the appellee to recover the possession of the real estate described in the complaint. On a change of venue the cause was tried in the Montgomery Circuit Court. The facts are found specially, and conclusions of law thereon stated.

The material facts, as found by the court, are substantially as follows :

On the 19th day of August, 1879, the appellant, Sarah Bateman, and John M. Bateman commenced an action in the Boone Circuit Court against John W. Barber, Spice A. H. Barber, Susan Barber, George W. Gibson and John Mc-Lane to foreclose a mortgage executed by the said John W. Barber and Spice A. H. Barber, his wife, on the 1st day of September, 1871, on the land in controversy here, with other lands, being lots 16, 17 and 18, in Piersol's second addition to the town of Jamestown, in Boone county, Indiana, to secure the payment of six promissory notes of $1,000 each. All of the defendants to said action were duly served with process. On the 3d day of September, 1879, the said John W. Barber and Spice A. H. Barber, by Wesner & Nave, their attorneys, filed a demurrer to the complaint in said cause. On the 7th day of October, 1881, the court made the following entry in said cause, viz. :

" Come now the parties, by their attorneys, and file the following written agreement in this cause, to wit :

" ' The plaintiffs to have personal judgment against John W. Barber for five thousand four hundred and ninety dollars, and a foreclosure of said mortgage against all of said defendants as to lot (16) sixteen, and that the defendant George W. Gibson has a prior lien upon said lots 17 and 18 for two thousand dollars, and no foreclosnre is to be taken against said lots 17 and 18, and the said defendant George W. Gibson now pays the plaintiffs the sum of two hundred and fifty dollars, the receipt whereof is hereby acknowledged, and the decree is to be rendered according to this agreement.

" ' SARAH A. BATEMAM.<br>
" ' JOHN M. BATEMAN.

" ' By G. H. GOODWIN, *Attorney.*

" ' GEORGE W. GIBSON.<br>
" ' JOHN MCLANE.<br>
" ' JOHN T. MCLANE.

" ' By C. S. WESNER, JOHN W. CLEMENTS and W. J. DARNELL, *Att'ys for Def'ts.*' "

Upon this agreement the court rendered judgment in said cause for the sum of five thousand four hundred and ninety dollars against the said John W. Barber, and a decree of fore-closure as to lot sixteen (16) against all the other defendants. On the 22d day of May, 1884, the clerk of said court issued to the sheriff of said county a duly certified copy of said de-cree, who, after due notice, sold said lot 16 to the plaintiffs in said judgment and decree for the sum of five dollars, and issued to them a certificate of purchase. John M. Bateman, who was the husband of the appellant, died in the year 1885, before the year for redemption had expired, leaving the ap-pellant as his widow. The year for redemption having ex-pired, and said lot not having been redeemed, the sheriff of said county, on the 26th day of August, 1885, executed to the appellant a sheriff's deed for said property in due form of law. Before the commencement of this suit the appellant, by her agent, demanded possession of said lot of the appel-lee, which he refused to surrender, and still holds the same. The said John M. Bateman was the owner and in the pos-session of said property on the 1st day of September, 1871, and on said day sold and conveyed the same by warranty deed to the said John W. Barber, who, to secure part of the pur-chase-price, executed the mortgage herein described and fore-closed as aforesaid. The appellee does not claim to hold by any contract with either the said John M. Bateman or the appellant.

Upon the facts found the court stated as conclusions of law :

1st. That the judgment of the Boone Circuit Court, as against John W. Barber, is void.

2d. That the plaintiff's alleged title and right of possession of the premises described in the complaint rests upon said judgment and the subsequent proceedings thereunder ; that, the said judgment and subsequent proceedings thereunder being void as against the party having the legal title to said real estate at the time of the rendition of the judgment, the

plaintiff is not entitled to recover against the defendant, who is in possession of said real estate.

The error assigned in this court is that the Montgomery Circuit Court erred in its conclusions of law upon the facts as found.

In Freeman on Judgments (3d ed.), section 116, it is said by the author: "It has often been said that a judgment is void whenever the court which pronounced it had not jurisdiction of the parties to the judgment, or of the subject-matter in controversy. * * * The weight of the adjudged cases, as will hereafter be shown, sustains the proposition that the judgment of a domestic court of general jurisdiction is not void, except when the court has no jurisdiction over the subject-matter of the suit, or when, having such jurisdiction over the subject-matter, it is shown by the record to have had no jurisdiction over the judgment defendant."

"Jurisdiction being obtained over the person and over the subject-matter, no error in its exercise can make the judgment void." Freeman Judg. (3d ed.), section 135.

"Where the record of a court of general jurisdiction is silent, jurisdiction is presumed, and we must, therefore, presume that the court did possess the requisite jurisdiction." *McCormick* v. *Webster*, 89 Ind. 105; *Bloomfield R. R. Co.* v. *Burress*, 82 Ind. 83; *Dwiggins* v. *Cook*, 71 Ind. 579; *Sims* v. *Gay*, 109 Ind. 501.

Where a court of general jurisdiction has cognizance of the matter in controversy and of the parties, its decree is binding on all other courts until it is reversed or set aside by some appropriate proceeding for that purpose. It can not be attacked collaterally. It is conclusive as to all matters therein embraced, including the findings as to parties before the court. *Anderson* v. *Wilson*, 100 Ind. 402; *Sauer* v. *Twining*, 81 Ind. 366; *Horner* v. *Doe*, 1 Ind. 130. Everything is presumed in favor of the action of the court. For anything that appears in the record of that cause, John W.

Barber was present in court consenting to the rendition of judgment against him. *Callen* v. *Ellison*, 13 Ohio St. 446; *Gall* v. *Fryberger*, 75 Ind. 98; *Evans* v. *Ashby*, 22 Ind. 15. As the Boone Circuit Court had jurisdiction of both the subject-matter and the parties, our opinion is that its judgment is not void. At the most, it is only voidable, and can not be attacked collaterally.

It is contended, however, by the appellee that as the appellant must recover on the strength of her own title the special finding does not warrant a judgment against him, because he is a stranger to the record in the foreclosure suit against John W. Barber and others.

It is shown by the special finding that at the time John W. Barber and his wife executed the mortgage involved in that suit he was the owner and in the possession of the property in controversy, having derived it by purchase and conveyance from John M. Bateman. The appellant's title relates back to the date of that mortgage, and she is presumed now to be vested with all the title John W. Barber had at that time. In the absence of some showing to that effect, we do not think we are authorized to presume that the appellee was the owner by purchase from John W. Barber at a time prior to the commencement of the foreclosure suit. Indeed, there is nothing in the special finding from which it can be inferred that the appellee ever had any title. If he had, in our opinion, when the appellant had made out, *prima facie*, as she did, a perfect title, he should have disclosed it. In our opinion the Montgomery Circuit Court erred in its conclusions of law upon the facts as found, for which error the judgment must be reversed.

The judgment of the court below is reversed, at the costs of the appellee, with instructions to the Montgomery Circuit Court to restate its conclusions of law, and for further proceedings not inconsistent with this opinion.

Filed April 23, 1889.