GRANTHAM REALTY CORPORATION *v.* BOWERS, JR.,
TRUSTEE, ET AL.

[No. 27,237.  Filed October 10, 1939.]

*Sheehan & Lyddick,* for appellant.

*F. L. Welsheimer,* for appellees.

SWAIM, J.—This was an action to quiet title to real estate instituted by Nellie B. Bowers, trustee, against Grantham Realty Corporation, Joseph P. Grantham, Anna S. Grantham, his wife, Josephine E. Young, Allen DeLoss Gordon and Emmett Dudley Gordon. To the complaint herein the appellant, Grantham Realty Corporation, filed its answers in three paragraphs and also a cross-complaint in two paragraphs, one seeking to quiet title to the real estate in question and the other for ejectment. The defendants Grantham and Grantham filed

two paragraphs of answer to the complaint. On the death of Nellie B. Bowers, trustee, John O. Bowers, Jr., trustee, was substituted as plaintiff.

On the issues being closed the cause was submitted to the court for trial. Special findings of fact and conclusions of law were made by the court and judgment was entered for the plaintiff, pursuant to such conclusions of law, quieting his title to said real estate. From this judgment the appellant prosecutes this appeal, assigning as error each of said conclusions of law and the overruling of its motion for new trial.

All of the grounds assigned in its motion for new trial except one were based on questions concerning the evidence and since the evidence is not in the record the questions sought to be presented on such assigned grounds can not be considered by this court. The remaining ground for a new trial was not discussed by the appellant in its brief and, therefore, has been waived by the appellant.

The facts as specially found by the court, in so far as they are material to the decision in this case, are as follows:

On April 1, 1907, and until his death, Henry N. Bancroft was the owner in fee simple of the real estate herein involved. The said Henry N. Bancroft died intestate in 1907 leaving him surviving as his sole and only heirs his two sons Willis C. Bancroft and Edmund H. Bancroft.

On February 14, 1910, the treasurer of Lake County, Indiana, sold said real estate to John O. Bowers for taxes then delinquent for the years 1908 and 1909. On the same day the auditor of said county issued to such purchaser a certificate for such purchase. On July 29, 1912, said Bowers presented said certificate to said auditor of Lake County, Indiana, and received from said auditor a tax deed regular in form and regularly executed, which

deed was duly recorded on the same day in the office of the recorder of Lake County, Indiana.

On May 13, 1913, said John O. Bowers, as plaintiff, filed a complaint in the Lake Superior Court, Room 3, to quiet his title to said real estate, together with other real estate, naming and making parties defendant thereto John James, Henry N. Bancroft and many other persons named therein as defendants "and each and all of the heirs, legatees, devisees and distributees, respectively of each, any and all of such of the above named, designated, and described defendants respectively as are dead, if any such there be of said defendants who are dead, the names of which heirs, legatees, devisees and distributees are not known to plaintiff." Said cause was duly entered by the clerk of said court in the entry docket of said court and the title or caption of said cause included the names of the plaintiff and all of the above named defendants. The names of Willis C. Bancroft and Edmund H. Bancroft did not appear in said caption and they were not made defendants to said suit by name. The plaintiff in said action filed an affidavit showing that each and all of said defendants were non-residents of the State of Indiana and the court ordered notice by publication to all defendants of the pendency of said cause. It is not shown that the complaint was verified, nor is it shown that a separate affidavit was filed showing that the names of the heirs of the said Henry N. Bancroft were unknown.

On September 29, 1913, a judgment was entered in said cause. The court found that each and all of the defendants therein had "been duly notified of the filing and pendency of this cause for hearing, as required by law." Said defendants were then defaulted. The court heard evidence and found and adjudged that the plaintiff was the owner in fee simple of said real estate; that the defendants "have not nor has any or either of them any

right, title, interest, or claim in and to said real estate or any part thereof, . . . and that the plaintiff's title thereto, as against the claim of each and all of the said defendants be, and the same is hereby forever quieted and set at rest in him." Said judgment was never set aside nor appealed from.

Thereafter on July 1, 1918, said Willis C. Bancroft and Edmund H. Bancroft each filed in cause numbered 10473 in said Lake Superior Court, being the suit to quiet title heretofore mentioned as filed by John O. Bowers on May 13, 1913, his separate verified petition praying the court to vacate, open up, and set aside the default and judgment rendered against them and each of them in said cause numbered 10473 and that they be allowed to appear in said action and make a defense thereto. Each of said petitioners in his verified petition alleged that he had been made a defendant to said action under the name and title of unknown heir of Henry N. Bancroft; that he had obtained only constructive service by publication and that he had no actual notice or knowledge of such suit or any matters pertaining thereto until May, 1918; that the plaintiff in said suit caused said defendants, including petitioners, to be defaulted and judgment rendered therein against said defendants including said petitioners. The plaintiff in said action filed written objections to each of said petitions on the ground, among others, that said petitioners were not parties to said decree as there was no statute authorizing quiet title suits against unknown heirs at that time. On November 17, 1919, the said Willis C. Bancroft and Kate S. Bancroft, his wife, and Edmund H. Bancroft and Laura P. Bancroft, his wife, by quitclaim deed conveyed all their right, title and interest in said real estate to John W. Lyddick, one of the attorneys who had represented them on said petitions.

On October 6, 1930, said Lyddick and his wife by their

special warranty deed conveyed "all their right, title and interest" in said real estate to Joseph P. Grantham and Anna S. Grantham, husband and wife, who in turn, by quitclaim deed conveyed said real estate to the appellant, Grantham Realty Corporation, on June 1, 1932. All of said deeds were duly recorded in the office of the recorder of Lake County, Indiana. Said real estate was vacant, unoccupied, unimproved and no one was in the actual possession thereof until the summer of 1933, when said John O. Bowers, Jr., acting under and with the consent of Nellie B. Bowers, trustee, caused said lot 10 of said real estate to be graded and covered with cinders and erected thereon a parking lot, which he has since continued to occupy.

Subsequent to the purchase of said real estate at said tax sale the said John O. Bowers and his successors in interest have paid taxes and special assessments on said real estate in the total sum of $1,767.10. The said John W. Lyddick, on March 19, 1920, paid state and county taxes on said real estate in the sum of $2.73.

Said real estate was never redeemed from the tax sale to the said John O. Bowers and at no time did the said Willis C. Bancroft, Edmund H. Bancroft, John W. Lyddick or anyone claiming under them make any attempt to redeem from said tax sale. Since 1912, when said real estate was conveyed to said Bowers, it has increased in value from $250.00 to $10,000.00.

The court further found that by reason of a slight error in the description under which said real estate was sold at tax sale and conveyed, and by reason of the county auditor failing to comply with the statute in making the sale and in issuing the certificate, said tax sale certificate and deed "were not sufficient to convey absolute title to said real estate to said John O. Bowers, Sr., but could and did only convey the tax lien held by the state at that time."

The court also found that plaintiff John O. Bowers, Jr., as trustee, is now the owner in fee simple of said real estate and that the defendants "nor either of them, have or has any right, title or interest in or to said real estate or any part thereof."

On the above facts the court stated the following conclusions of law:

"1. That the law is with the plaintiff. That the plaintiff, as trustee, is the owner in fee simple of the real estate described in his complaint, and that he is entitled to judgment quieting his title thereto as against all defendants to this action.

"2. That the defendant Grantham Realty Corporation take nothing by its cross-complaint filed herein.

"3. That the plaintiff have judgment against the defendant Grantham Realty Corporation for his costs laid out and expended and taxed at $......"

In this action both the second and third paragraphs of answer to the complaint set up allegations attempting to show that the tax sale and the tax deed to said Bowers were invalid and gave him only a tax lien which, it is alleged by the appellant, is now barred by the statute of limitations. Neither of said paragraphs of answer make any mention of the 1913 action by Bowers to quiet his title. Neither did the second paragraph of cross-complaint filed by appellant contain any allegation concerning said 1913 action and the judgment based thereon but only alleged that the appellant is the owner of said real estate and that the appellee is claiming title to and holding the possession of said real estate without any right.

There were no allegations either in appellant's answer or in the cross-complaint which could be held to constitute a direct attack on the 1913 judgment quieting title to said real estate in the said John O. Bowers. Said judgment necessarily found that the tax sale and tax deed to Bowers were sufficient to vest in him the

fee simple title to said real estate. All persons who were made parties to the action or are in privity with such persons and who failed to appeal or take other proper steps to vacate the judgment, are bound by that finding. No matter how erroneous the finding and the judgment of the court based thereon may have been, such finding and judgment can not be attacked in a collateral proceeding by one who was a party to said judgment or by one in privity with such a party.

The appellant contends on page 49 of his brief, under point 7, that publication in said cause was made pursuant to para. 3, §338 Burns 1926, §2-807 Burns 1933 instead of under para. 5 thereof, and further contends that it is only under para. 5 of said section that an unknown defendant can be made a party to an action and service obtained thereunder. There is no affirmative showing in the record of said cause, as set out in the court's findings herein, supporting the contention by appellant that there was no affidavit showing that the name of the defendant was unknown and that he was believed to be a non-resident.

In the instant case the special findings of fact did show a judgment in the 1913 action quieting title to said real estate in John O. Bowers as against Henry N. Bancroft and as against the unknown heirs of Henry N. Bancroft. That judgment by a court of general jurisdiction implies the finding that all defendants to said action had been duly served with notice of the pendency of said action as required by law. It is not necessary that all jurisdictional facts be set out in the judgment. *The Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682, 48 N. E. 592; *Jackson, etc.* v. *State* (1886), 104 Ind. 516, 3 N. E. 863. This finding standing alone would preclude the heirs of Henry N. Bancroft and anyone claiming under or through them from questioning in a collateral attack the matters necessarily found by said judgment.

While compliance with the statute for making unknown persons parties defendants and publishing notice to them is jurisdictional it has been decided by this court in many cases that where the record is silent on a jurisdictional matter the trial court, if it be a domestic court of general jurisdiction, will be presumed to have possessed the requisite jurisdiction to make its judgment valid as against a collateral attack. *Bowser* v. *Tobin* (1939), ante 99, 18 N. E. (2d) 773; *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151.

In support of its contention that the Bancroft sons were not properly made parties and served in the 1913 action, the appellant cited the case of *The Unknown Heirs of Whitney* v. *Kimball* (1853), 4 Ind. 546, in which case the unknown heirs of one Michael T. Whitney were made parties defendant under the provisions of §40 of the code of R. S. 1852, Vol. 2, p. 36. In that case the court held that the failure of the plaintiff to file an affidavit with his complaint constituted *reversible error on appeal.*

In the second case cited by the appellant on this point, *Johnson et al.* v. *Patterson et al.* (1859), 12 Ind. 471, the unknown heirs of Elizabeth Holliday were proper and necessary parties to a proceeding to quiet the title to certain land. Publication of notice was made as to such heirs without a showing that such heirs were not residents of the state. This case was also under the 1852 statute and again the court held that failure to substantially comply with such statute was *reversible error on appeal.* Neither of these cases holds that a faulty affidavit or a negative showing of the absence of such affidavit would render a judgment void and subject to collateral attack.

Under the citation of the above two cases on page 50 of appellant's brief the appellant has the notation "de-

cided under a former statute. There is no statute ██ now on this matter." In its later briefs the appellant contends that it thus raised and properly presented the question of there being no law in 1913 by which the Bancroft sons could have been made parties to said suit as "the unknown heirs of Henry N. Bancroft, deceased," and further contends in such later briefs that the said 1843 statute as amended in 1852 was repealed in 1881 and that in the interim between such repeal and the enactment of the 1915 quiet title act, there was no method of making unknown heirs parties defendant. While this could scarcely be considered a proper presentation of the question, we have considered the question and are of the opinion that the statute providing for publication of notice, which was enacted in 1881, §2-807 Burns 1933, §88 Baldwin's 1934, provided a method for making unknown persons parties defendant to an action.

Sec. 14, R. S. 1843, p. 833, which was a part of the chapter concerning suits and proceedings in chancery, provided as follows:

> "In cases where it shall be necessary to make any persons defendants to any bill, and the names of all or any of them shall be unknown to the complainant, and he shall annex to his bill an affidavit of his want of knowledge of the names of such persons, and that their residence is, as he verily believes, not in this state, proceedings may be had against them without naming them, and the court shall make such order respecting notice and the publication thereof as they may deem proper."

The 1852 code which abolished the distinction between actions at law and suits in equity re-enacted the above provision as to unknown defendants, making only such changes in the language thereof as to make it applicable to all actions. Section 40, R. S. 1852, Vol. 2, p. 36, Vol. II Gavin & Hord, p. 65. As noted above, the

two cases cited by the appellant on this point were actions against unknown heirs under the provisions of this 1843 statute, as amended in 1852. The appellant concedes that it was possible to make unknown heirs parties defendant to an action under the provisions of the 1843 and 1852 statutes, but insists that the omission of this particular provision from the 1881 code left no statutory method of making unknown persons parties defendant. With this contention we cannot agree.

Unknown persons, naturally, cannot be served personally—resort must be had to service by publication. The code enacted in 1881, Acts 1881 (Spec. Sess.) ch. 38, §59, p. 240, instead of providing in a separate section for making unknown persons defendants added a provision to the section on the publication of notice providing that notice of the pendency of an action shall be published in cases, shown by affidavit, "Fifth. Where the name of any defendant is unknown and he is believed to be a nonresident." This provision is not limited to any particular class or type of action. It applied to actions to quiet title to real estate in the same manner as the 1843 and 1852 statutes. The fact that the said section of the 1881 code providing for the publication of notice contained a third clause which provided for the publication of notice to known nonresident defendants in certain types of cases, including actions to quiet the title to real estate, does not preclude making unknown persons defendants in actions to quiet title and publishing notice to them under the fifth clause of said section. Since the unknown heirs of Henry N. Bancroft in the 1913 action to quiet title could have been made parties defendant and have been served with notice under the fifth clause of said 1881 act, it will be assumed, in the absence of an affirmative showing to the contrary, that the necessary affidavit was filed to comply with said statute. Said

Bancroft heirs and all those claiming under them are therefore bound by the judgment made by the Lake Superior Court in 1913 quieting the title to said real estate in the said John O. Bowers.

We are aware that in the case of *Bastin* v. *Myers* (1924), 82 Ind. App. 325, 144 N. E. 425, there is *obiter dictum* to the effect that the purpose of the 1915 quiet title statute was to provide a method by which the unknown husband or wife, widower or widow, heirs or devisees of any and all such persons appearing of record as a former owner or encumbrancer might be made a party defendant and be bound by a decree quieting the plaintiff's title. The act in question, ch. 177, Acts of 1915, p. 649, expressly provided that it was to be "supplemental and additional to existing laws." It purported to furnish a method to quiet title as against the world and required the filing of an affidavit by the plaintiff that he had "named as defendants, all persons within his knowledge through whom any hostile claim might be asserted." The act purported to make any decree or judgment, taken pursuant to its provisions, "binding and conclusive upon all persons whomsoever." The act itself discloses that it was an attempt to provide an additional and more comprehensive remedy for curing defective titles, therefore, the statement in *Bastin* v. *Myers, supra,* as to the purpose of the act is not correct.

The appellant also contends that the appellee should fail in this cause because there was no affirmative finding that the two Bancroft heirs were unmarried at the time the 1913 judgment was entered. The only mention of the wives of the Bancroft heirs in the special findings was in finding numbered 10 to the effect that on November 17, 1919, more than six years after the said judgment was entered the wives of the said Bancrofts joined in executing a quitclaim

deed. The special findings set out the 1913 judgment by which the Lake Superior Court found and adjudged that the said John O. Bowers was the owner in fee simple of said real estate and that none of the defendants (including the two Bancroft sons) had any right, title, interest or claim in or to said real estate or any part thereof. As against that judgment it would be necessary for the appellant to affirmatively show that there were outstanding interests held by persons who were not made parties. Appellant seems to attach much importance to the case of *Thompson* v. *McCorkle* (1893), 136 Ind. 484, 36 N. E. 211. In that case the husband, without his wife joining, conveyed the real estate in question prior to his death. After the husband's death and after the wife's interest had become consummate the grantee of a tax deed fraudulently procured a judgment quieting his title to said real estate. The facts of that case present a different question from the question of the instant case.

The other questions presented by appellant are based on the contention that the Bancroft heirs were not parties to the 1913 judgment and that the appellant is not bound by that judgment. In view of our holding on this contention it is unnecessary to further discuss such other questions.

Assuming for the purpose of this paragraph only that appellant was correct in its contentions that the said John O. Bowers did not acquire a fee simple title by his tax deed; that the Bancroft heirs were not parties to the 1913 quiet title action and therefore not bound by the judgment therein; that the Bancroft heirs were married at that time and their wives should have been made parties; that as against the Bancroft heirs and their wives Bowers held only a tax lien on said real estate even after the 1913 judgment was entered; and that said tax lien is now barred by the statute of limi-

tations, the court in the instant case found sufficient facts to warrant it in holding that the Bancroft heirs and their grantees were guilty of such laches as to prevent the appellant from prevailing in this case.

The court found that in May, 1918, the Bancroft heirs knew the facts concerning the tax sale, the tax deed and the quiet title judgment based thereon. Through their attorneys, Sheehan & Lyddick, they filed petitions attempting to have the judgment against them vacated. In September, 1919, these petitions were dismissed. A month later the Bancroft sons conveyed by quitclaim deed to John W. Lyddick who, knowing all of the facts of the case and understanding their significance, held whatever title he had acquired by such quitclaim deed for twelve years without making any move to assert his claim or to dispute the title of John O. Bowers to said real estate. During this time the said Bowers was paying taxes and special assessments on said land which was increasing in value. In October, 1930, the said Lyddick by a special warranty deed conveyed to the Granthams who in June, 1932, by quitclaim deed, conveyed to the appellant. Neither the Granthams nor the appellant took any action or made any move to gain possession of said real estate or to dispute the Bowers' title. The said John O. Bowers and his successors in interest have paid taxes and special assessments on said real estate in the total amount of $1,767.10 and appellant insists that the tax lien once held by Bowers is now barred by the statute of limitations and appellee can, therefore, recover none of the taxes so paid. It would be most inequitable to permit the appellant at this late date to prevail on the claim which was formally dismissed and apparently abandoned by the Bancroft heirs in 1919. One having a technical claim on property and who is in possession of all the facts concerning such claim cannot sit idly

by and permit another, who believes himself to be the owner of such property, to carry the burden of the property while the owner of the claim by the passage of time makes sure that the property is worth carrying. An owner of a claim so doing is guilty of laches and a court of equity will not then permit him to assert such claim to the injury of the other party. *Kroeger* v. *Kastner* (1937), 212 Ind. 649, 653, 10 N. E. (2d) 902. As this court said in the case of *Ryason* v. *Dunten* (1905), 164 Ind. 85, 95, 73 N. E. 74;

> "A complainant in equity, who, with full knowledge of his rights, has been guilty of long delay, without legal excuse, where another, as a practical result, has materially altered his position to his prejudice, so that it would be an injustice to render a decree in the complainant's favor, will be denied relief."

If appellant were to prevail in its contentions in this case it would have the fee simple title to said real estate at its present increased value without having paid any taxes since 1920 and without there being any lien for such taxes on said property. There is no fixed or definite rule for the application of the doctrine of laches but this would seem to be a peculiarly fitting case for the application of such doctrine if the appellant were right in his contentions.

The judgment is affirmed.