FIRST STATE BANK OF VALPARAISO *v.*
CRUMPACKER ET AL.

[No. 17,958. Filed March 21, 1950. Rehearing dismissed
May 18, 1950.]

318

Draper, C. J., and Crumpacker, J., not participating.

*George W. Douglas,* of Valparaiso, for appellant.

*Jay E. Darlington;* and *Owen W. Crumpacker* (of counsel), both of Hammond, for appellees.

MARTIN, P. J.—The appellees, as owners of 390 acres of land in Westchester Township, Porter County, Indiana, brought this action against the appellant, First State Bank of Valparaiso, Indiana, Administrator, de bonis non with the Will annexed of the Estate of Charles Crumpacker, deceased, and Englebert Zim-

merman, Jr., Administrator, de bonis non with the Will annexed of the Estate of Edgar D. Crumpacker, deceased, to have two judgments rendered against the Estate of their common ancestor, Edgar D. Crumpacker, declared null and void, and quieting title to the real estate described in appellees' complaint.

The issues were submitted to the court for trial, and the evidence having been heard, the court found for the appellees upon their complaint. Judgment was entered accordingly.

The error assigned for reversal is that the court erred in overruling appellant's motion for a new trial. The questions presented in the motion for new trial are:

(1) That the decision of the court is not sustained by sufficient evidence.

(2) That the decision of the court is contrary to law.

Most of the evidence is stipulated and shows that the Will of Edgar D. Crumpacker, deceased, was probated in the Superior Court of Porter County, Indiana May 27, 1920, and his widow, Charlotte L. Crumpacker, was appointed and qualified as Executrix of his Estate; that she acted in that capacity until her death June 5, 1925; that there was no representative acting under appointment of the court from the time of her death until August 13, 1932 when one J. E. Ohlfest was appointed Administrator de bonis non and acted in that capacity until October 7, 1946, when he resigned, whereupon Englebert Zimmerman, Jr. was appointed and qualified as Administrator, de bonis non and was serving as such when this case was tried.

Charles Crumpacker, during his lifetime, on April 29, 1922 filed in the Estate of Edgar D. Crumpacker his claim upon a note unsecured given by the decedent in

his lifetime to the said Charles Crumpacker. Said note in the principal sum of $1,326.23 dated May 26, 1914 and bearing 6% per annum until amount in full was paid with attorney fees. The interest was paid on said note to May 26, 1916 and an open account in the amount of $1,000.00 on account of money loaned by claimant to said decedent, said loan was made to the decedent on or about the 1st day of September, 1917. He alleged the amount of said loan was due and wholly unpaid and interest at the rate of 6% per annum from the said 1st day of September, 1917. The claim as filed was in the total sum of $2,917.00. This claim was in writing and sworn to by Charles Crumpacker and that there was no other claim and this was the only written claim filed against the Estate of Edgar D. Crumpacker, deceased, by or for or on behalf of Charles Crumpacker or his Estate.

The Executrix failed to act on said claim and on August 31, 1922 the claim was transferred by the Clerk of the Court to the trial docket of Porter Superior Court, Civil Cause No. 3519. The order appearing in Civil Order Book 12 at Page 363 of the Porter Superior Court under date of April 26, 1926 is as follows: "Comes now the plaintiff herein by counsel and dismisses claim. Cause dismissed and plaintiff ordered to pay costs." Minutes on the court docket in Cause No. 3519 show that on March 7, 1928 the claim was reinstated and on February 18, 1931 claim was submitted to the court and allowed in the sum of $4,535.94.

The original claim of Charles Crumpacker for $2,917.00, which is the plaintiff's Exhibit No. 1, together with the court jacket in Cause No. 3519 was enclosed in the court's jacket for papers in Cause No. 7208. On the face of the jacket was the following:

"No. 7208 Porter Superior Court Charles Crumpacker Estate v. Estate of Edgar D. Crumpacker cause of action claim $2,917.00 filed January 3, 1934, J. L. Doyle, Clerk."

On April 13, 1934 the record at page 519 in Order Book 18 of the Porter Superior Court under Civil Cause No. 7208 the following judgment appears:

"Comes now Grant Crumpacker, executor of the last will and testament of plaintiff Charles Crumpacker, and suggests to the court the death of said Charles Crumpacker and moves the court that he, the said Grant Crumpacker, as executor of the last will and testament of Charles Crumpacker, deceased, be substituted as plaintiff herein, which motion is sustained by the court.

"It is, therefore, ordered by the court that Grant Crumpacker, as executor of the last will and testament of Charles Crumpacker, deceased, be, and he hereby is, substituted as plaintiff herein.

"Come now the parties, by counsel, and this cause being at issue, it is now submitted to the court for trial, without the intervention of a jury, and the court having heard the evidence and being duly advised in the premises finds for the plaintiff and against the defendant, and that there is due and owing plaintiff of and from defendant on the claim sued on herein the sum of Forty-four Hundred Fifteen and 27/100 Dollars ($4,415.27), together with the costs and accruing costs of this action, without relief from valuation and appraisement laws.

"It is, therefore, ordered, adjudged and decreed by the court that plaintiff Grant Crumpacker, as executor of the last will and testament of Charles Crumpacker, deceased, have and recover of and from defendant Estate of Edgar D. Crumpacker the sum of Forty-four Hundred Fifteen and 27/100 Dollars ($4,415.27), together with the costs and accruing costs of this action, without relief from valuation and appraisement laws; said judgment to be paid in the due course and process of the administration of said defendant estate."

That in the November Term 1933 of the Porter Superior Court under Cause No. 7210 the Administrator of the Estate of Edgar D. Crumpacker, deceased, filed his complaint against all the appellees, et al. for an order authorizing the plaintiff to sell certain real estate owned by the decedent, Edgar D. Crumpacker, at the time of his death for the purpose of making assets for the payment of debts, taxes, and costs of the administration. As a part of the evidence in said cause to sell real estate was the claim allowed by the court in Cause No. 7208 of said court in the sum of $4,415.27. Judgment was entered in said Cause No. 7210 on January 11, 1938 ordering and directing the sale of certain real estate of Edgar D. Crumpacker, deceased, for the payment of debts and costs of the administration of the Estate of Edgar D. Crumpacker, deceased. It was stipulated that Edgar D. Crumpacker, appellee's ancestor, at the time of his death was the owner of 390 acres of land in Porter County, Indiana that the appellees seek to quiet title in this cause.

The appellee asserts that the judgment rendered in No. 3519 was void because said estate was without an executor at the time said judgment was rendered, said executor having previously died and no other executor having been appointed, and there being none at the time the judgment was rendered. For the purpose of this opinion we concede, but do not decide, that said judgment in No. 3519 was void.

With regard to the second judgment of April 13, 1934 under Cause No. 7208 in the amount of $4,415.27, it is contended by counsel for the appellees that said judgment was and is void on the face of the record because there was no claim pending at the time said judgment was entered and hence the court had no jurisdiction of the subject matter of the action.

It is well said in *Galpin* v. *Page* (1873), 18 Wall. (85 U. S.) 350, 365, 21 L. Ed. 959: "It is undoubtedly true that a superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to act rightly. All intendments of law in such cases are in favor of its acts. It is presumed to have jurisdiction to give the judgments it renders until the contrary appears. And this presumption embraces jurisdiction not only of the cause or subject matter of the action in which the judgment is given, but of the parties also. The former will generally appear from the character of the judgment and will be determined by the law creating the court or prescribing its general powers. The latter should regularly appear by evidence in the record of service of process upon the defendant or his appearance in the action. But when the former exists, the latter will be presumed. This is familiar law, and is asserted by all the adjudged cases. . . . But the presumptions, which the law implies in support of the judgments of superior courts of general jurisdiction, only arise with respect to jurisdictional facts concerning which the record is silent. Presumptions are only indulged to supply the absence of evidence or averments respecting the facts presumed."

This legal presumption that a claim was before the court at the time of entering the judgment in question is strengthened in this case by the notation on the face of the jacket of this cause as follows: "No. 7208 Porter Superior Court Charles Crumpacker Estate v. Estate of Edgar D. Crumpacker cause of action claim $2,917.00 filed January 3, 1934, J. L. Doyle, Clerk" and also that part of the judgment which reads as follows: . . . "Come now the parties, by counsel, and this cause being at issue, it is now submitted to the court for trial . . ."

In *Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682, 691, 48 N. E. 592, it is said: "When the jurisdiction of such a court depends upon the finding of certain facts, the exercise of jurisdiction implies the finding of such facts. . . . It is not necessary, therefore, that all the jurisdictional facts be set out in the order and judgment of the Vanderburgh Circuit Court, a court of general jurisdiction. The exercise of jurisdiction in said proceeding and making the final order and judgment therein implies the finding of the existence of all facts necessary to such jurisdiction."

The presumption is that there was a claim before the court at the time of the trial and judgment in Cause No. 7208.

J. E. Ohlfest, acting as Administrator, de bonis non of the Estate of Edgar D. Crumpacker, without objection, made a general appearance in Cause No. 7208 and formed the issues and went to trial, therefore waived any objection to the manner in which the claim came before the court. *Frazer, Executor* v. *Boss* (1879), 66 Ind. 1; *Morrison, Adm'r.* v. *Kramer* (1877), 58 Ind. 38; *Sanders, Admx.* v. *Hartge, et al.* (1896), 17 Ind. App. 243 at page 249, 46 N. E. 604. In the case of *Stapp, et al., Admrs.* v. *Messeke, Exr.* (1883), 94 Ind. 423, the court says: "An executor or administrator may require such a claim to be brought before the court in the mode prescribed by the decedent's act, but he is not bound to do so; he may make a full appearance and demur or answer, and the court will have jurisdiction, and the parties will be bound by such subsequent pleadings, as if they were required by law."

The questions thus far presented are involved with the other and controlling one, of the effect on a judg-

ment when attacked collaterally. In numerous cases the court has held that where the record is silent on a jurisdictional matter the trial court, if it be a court of general jurisdiction, will be presumed to have possessed the requisite jurisdiction to make its judgment valid as against a collateral attack. *Abdil* v. *Abdil, et al.* (1870), 33 Ind. 460; *Bateman* v. *Miller* (1888), 118 Ind. 345, 21 N. E. 292; *The Evansville, etc., Co. et al.* v. *Winsor, supra; Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 98 N. E. 37, 100 N. E. 376; *Friebe* v. *Elder* (1913), 181 Ind. 597, 105 N. E. 151; *Bowser* v. *Tobin* (1938), 215 Ind. 99, 18 N. E. 2d 773.

Since the court had jurisdiction of the subject matter and of the parties, the judgment can not be attacked collaterally because of defects in the pleadings on which it is based. *McCormick* v. *Webster* (1883), 89 Ind. 105; *Bowser* v. *Tobin, supra.*

In *Spencer* v. *Spencer* (1903), 31 Ind. App. 321 at 328 the court said: "Any judicial proceeding, the object of which is to avoid, defeat, evade, or deny the force and effect of a judgment or decree, is either a direct or a collateral attack upon the judgment or decree. Various provisions are made by statute for avoiding or correcting judgments, and, when one of these statutory methods is pursued, the attack upon the judgment is direct; but if the same result is sought to be reached in some manner not provided by law, the attack is collateral."

In the case of *Winslow* v. *Green* (1900), 155 Ind. 368, 369, 58 N. E. 259, the court said: "The law is firmly established that, jurisdiction being once obtained over the person and the subject-matter, no error or irregularity in its exercise will make the judgment void. When it thus appears that the court has the power to try and decide, its judgment becomes conclusive as to

the matter in controversy between the parties, and, however erroneous, it is unassailable in any collateral proceeding."

To impeach a judgment collaterally the judgment must be absolutely void. *Winslow* v. *Green, supra; Schilling* v. *Quinn* (1912), 178 Ind. 443, 99 N. E. 740; *Niven* v. *Crawfordsville Trust Co.* (1940), 108 Ind. App. 272, 26 N. E. 2d 58.

We are of the opinion that the trial court in Cause No. 7208 had jurisdiction of the subject-matter and of the parties. We think it clear that the present action as to the judgment in Cause No. 7208 is a collateral attack upon said judgment.

Judgment is reversed with instructions to either sustain appellant's motion for a new trial, or, if it appeals to the discretion of the court as being just and proper, to proceed as provided by Rule 1-8.

Draper, C. J., and Crumpacker, J., not participating.

NOTE.—Reported in 90 N. E. 2d 912.