CORYELL *v.* CRAWLEY.

[No. 29,335. Filed January 25, 1956.]

*Youngblood & Lockyear, Theodore Lockyear,* Jr., of Evansville, for appellant.

*Russell S. Armstrong,* of Evansville, for appellee, and *Howard C. Sandusky,* amicus curiae, of Evansville.

ACHOR, J.—This is an appeal from a judgment of the Superior Court of Vanderburgh County dismissing an action in habeas corpus, for want of jurisdiction. By this action appellant sought to regain the custody of her child who had been made a ward of the Juvenile Court of Vanderburgh County, as a neglected and delinquent child. Appellant alleges that the action of the Juvenile Court was void for the reason that she was given no notice of said proceedings in that court.

The intrinsic record in the Juvenile Court is silent on the subject of such notice. It neither affirms nor negatives the fact of such notice.

The Juvenile Court of Vanderburgh County is a court of general jurisdiction. §§4-3010, 4-3011, 4-3012, Burns' 1946 Repl.

This court was confronted with a similar factual situation in the case of *Harris, et ux.* v. *Souder, Supt., etc.* (1954), 233 Ind. 287, 291, 292, 119 N. E. 2d 8. In that case Justice Emmert stated the controlling rule as follows:

> "When a judgment of a court of general jurisdiction is attacked in collateral proceedings, and the record does not affirmatively show lack of jurisdiction of the person, the presumption is that such court had jurisdiction of the person of the defendant. In a collateral attack, Indiana has followed the rule that this presumption cannot be rebutted by evidence dehors the record. *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151. The court's intrinsic record determines the issue of jurisdiction in an action for habeas corpus. *State ex rel. Eggers* v. *Branaman* (1932), 204 Ind. 238, 183 N. E. 653, *supra; Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 102 N. E. 2d 630, *supra.*"

Judgment is therefore affirmed.

Bobbitt, C. J., Arterburn, Landis and Emmert, JJ., concur.

NOTE.—Reported in 121 N. E. 2d 467.