WINSTEAD, PERSONAL REPRESENTATIVE ETC. *v.* KOONCE ET AL.

[No. 30,011. Filed March 14, 1961.]

*Frank M. Fish,* of Evansville, for appellants.

*Ralph M. Koehne,* of Evansville, for appellee, Patricia Koonce.

BOBBITT, C. J.—This is an appeal from an interlocutory order entered in the estate of Amy B. Koonce by the Vanderburgh Probate Court for the payment of $960 out of the distributive share of appellant, Elbert Koonce, to satisfy a judgment against him in the Superior Court of Vanderburgh County.

Appellant-Koonce is a party to the present appeal pursuant to the provisions of Acts 1953, ch. 112, §122, p. 295, being §6-122, Burns' 1953 Replacement.

Appellees, Zola K. Emmick and Zeta K. Winstead, have filed their verified motion to dismiss the appeal herein as to each of them because they were not parties to the judgment in the Superior Court of Vanderburgh County involved herein, and have no interest in the interlocutory order from which this appeal is prosecuted. The record sustains these allegations and the appeal herein is, therefore, dismissed as to appellees, Zola K. Emmick and Zeta K. Winstead, and each of them.

Appellee, Patricia Koonce, on July 24, 1956, secured an order against appellant, Elbert Koonce, in the Chancery Court of Pulaski County, Arkansas, for $40 per week for the support of their minor children. Subsequently she obtained a judgment against appellant-Koonce in the sum of $960 in the Arkansas Court for delinquent payments due under the support order. On May 15, 1959, she obtained a default judgment, based upon the judgment in the Chancery Court of Pulaski

County, Arkansas, against appellant, Elbert Koonce, in the Superior Court of Vanderburgh County, Indiana.

On July 22, 1960, appellee, Patricia Koonce, filed a petition in the Vanderburgh Probate Court in the estate of Amy B. Koonce, deceased, asking that the personal representative of said estate be ordered to pay to the clerk of the Superior Court of Vanderburgh County "so much of the distributive share" of appellant, Elbert Koonce, as is necessary to satisfy her judgment in the Superior Court of Vanderburgh County. To this petition appellant, Zeta K. Winstead, as the personal representative of the estate of Amy B. Koonce, deceased, filed a motion to strike, alleging that the Superior Court judgment upon which the petition is based was void. This motion was overruled and the personal representative ordered to make payment pursuant to the petition of appellee, Patricia Koonce. From such order appellant, Elbert Koonce, prosecutes this appeal.

It is asserted here that the judgment in the Superior Court of Vanderburgh County was *in personam* and since notice was only by publication the judgment is based upon "constructive service only" and is, therefore, void. The pertinent parts of such judgment are as follows:

"It is further found by the Court that the plaintiff herein duly filed, on the 28th day of May, 1957, her written undertaking, with the Capitol Indemnity Insurance Company, as surety thereon, in the sum of Five Hundred Dollars ($500.00), payable to the defendant, Elbert Koonce.

"The Court further finds that the defendant at the commencement of the within action was the owner of an undivided one-third (1/3) interest in the following described real estate, situated in Vanderburgh County, State of Indiana, to-wit:

Lot No. 51, in Tuxedo Place, an Addition to the City of Evansville, Vanderburgh County, Indiana.

that the above described real estate was an asset of the estate of Amy B. Koonce, deceased, which estate is pending in the Vanderburgh Probate Court, Vanderburgh County, Indiana, and that the defendant is the owner of an undivided one-third (1/3) interest in said estate; that plaintiff is entitled to have the interest of the defendant in said estate attached for the satisfaction of the within judgment and for her costs and charges laid out and expended.

"IT IS, THEREFORE, CONSIDERED, ADJUDGED AND ORDERED by the Court that the plaintiff recover of and from the defendant the sum of Nine Hundred Sixty Dollars ($960.00), together with her costs laid out and expended and that the defendant's interest in the estate of Amy B. Koonce, deceased, pending in the Vanderburgh Probate Court, Vanderburgh County, Indiana, be attached to the extent which may be necessary to be applied to the payment of the within judgment, and the costs of this action."

In our opinion the motion to strike the petition of appellee, Patricia Koonce, which was filed in the Probate Court was a collateral attack upon the judgment in the Superior Court. *Spencer* v. *Spencer* (1903), 31 Ind. App. 321, 328, 67 N. E. 1018; *First State Bank* v. *Crumpacker* (1950), 120 Ind. App. 317, 325, 90 N. E. 2d 912; *Clark* v. *Clark* (1930), 202 Ind. 104, 114, 172 N. E. 124; 17 I. L. E., Judgments, §273, p. 349; 30 Am. Jur., Judgments, §862, p. 776.

A judgment regular on its face and one which the court had jurisdiction to render is not subject to collateral attack. *Quarl* v. *Abbett* (1885), 102 Ind. 233, 241, 1 N. E. 476, 52 Am. Rep. 662; *Cassady, et al.* v. *Miller, et al.* (1886), 106 Ind. 69, 71, 5 N. E. 713; *Hall et al.* v. *Durham* (1887), 109 Ind. 434, 435, 9 N. E. 926; *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 518, 130 N. E. 230; *Grantham Realty Corp.* v. *Bowers, Jr., Tr.* (1939), 215 Ind. 672, 679, 680, 22 N. E.

2d 832; 17 I. L. E., Judgments, §271, p. 346; §297, p. 361.

While the judgment of the Superior Court of Vanderburgh County as shown by the record herein may contain some elements of a judgment *in personam,* it is our opinion that the part thereof above quoted constitutes a judgment *in rem,* and any other parts thereof which may have the characteristics of a judgment *in personam* are harmless to the judgment debtor in this case and, for the purpose of this action, are mere surplusage. See: *Quarl* v. *Abbett, supra* (1885), 102 Ind. 233, 240, 1 N. E. 476, 52 Am. Rep. 662.

The judgment of the Superior Court of Vanderburgh County here in question is regular on its face and one which, from the record here, is such the court had the jurisdiction to render and it is, therefore, not subject to a collateral attack such as has been attempted upon it.

It is stated that there has not been compliance with the attachment statute, and it is alleged in the petition to strike that "no writ of attachment has ever been issued" in the cause of action on which the Superior Court judgment was based. There is nothing in the record here to support these conclusions, nor is there anything from which we might reasonably conclude that the attachment statute was not strictly followed. The contrary not being shown, we will indulge every reasonable presumption in favor of the action of the Superior Court. *Henderson* v. *Kleinman* (1953), 231 Ind. 657, 662, 109 N. E. 2d 905; F. W. & H. Ind. Tr. & App. Pract., §2790, Comment I, p. 370, and cases there cited.

The Probate Court of Vanderburgh County did not

err in its interlocutory order herein and the judgment of the trial court must be affirmed.

Judgment affirmed.

Landis, Achor and Arterburn, JJ., concur.

Jackson, J., dissents with opinion.


## DISSENTING OPINION

JACKSON, J.—I cannot agree with the majority opinion in this case for several reasons as hereinafter set forth.

It appears from the record and the oral argument in this court, that the appellant, Elbert Koonce, and appellee, Patricia Koonce, are both residents of Pulaski County, Arkansas. It further appears from the record that on July 24, 1956, the Chancery Court of Pulaski County, Arkansas, entered an order directing the appellant, Elbert Koonce, to pay Forty Dollars ($40.00) per week for the support of his minor children; that thereafter the appellant permitted said payments to become delinquent and appellee recovered a judgment in cause No. 104165 in said court for said arrearage in the sum of nine hundred sixty dollars ($960.00), together with costs.

Thereafter, so far as we are able to ascertain from the record here, appellee filed suit on the Arkansas judgment in the Superior Court of Vanderburgh County, Vanderburgh County, Indiana, against the appellant, Elbert Koonce, service of process on the appellant being had by publication. Judgment was had by default in the sum of $960.00 together with court costs. The finding and judgment of the Superior Court of Vanderburgh County is set out in full in the majority opinion, and in the interest of brevity is omitted here.

The majority opinion holds that the aforementioned judgment is in rem, that so much thereof as is in personam is surplusage and that the motion to strike appellee's petition in the Probate Court of Vanderburgh County was a collateral attack upon the judgment in the Superior Court of Vanderburgh County.

The petition to strike filed in the Probate Court, omitting the formal parts, signature and jurat, reads as follows, to-wit:

"1. The petition is a sham.

"2. Said judgment upon which said petition is based is a nullity, the same purporting to be a personal judgment against Elbert Koonce for $960.00, but upon which no personal service was ever obtained upon the said Elbert Koonce and said personal judgment having been obtained on constructive service only by publication is[sic] a newspaper.

"3. Said judgment is claimed in said petition to be an 'attachment,' but no writ of attachment has ever been issued thereunder or in said cause of action on which said alleged judgment, was obtained, and any such alleged attachment is therefore a nullity.

"4. Said judgment is of no force or effect."

The real questions in issue here, it seems to me, are, (1) Is the judgment obtained in the Superior Court of Vanderburgh County a personal judgment against the appellant? (2) Is the judgment of the Superior Court of Vanderburgh County, having been obtained on constructive service without any appearance in the action by the appellant, a valid judgment?

I think the first question must be answered in the affirmative by reason of the wording of the last paragraph of the judgment, which reads as follows:

"IT IS, THEREFORE, CONSIDERED, ADJUDGED AND ORDERED by the Court that the

plaintiff recover of and from the defendant the sum of Nine Hundred Sixty Dollars ($960.00), together with her costs laid out and expended. . . ."

The second question it seems must be answered in the negative.

An Indiana Statute provides as follows:

"2-1062—No Personal Judgment Upon Constructive Service.—No personal judgment shall be rendered against a defendant constructively summoned who has not appeared in the action." Acts 1881 (Spec. Sess.), ch. 38, §71, p. 240, being §2-1062, Burns' 1946 Replacement.

Since the judgment of the Superior Court of Vanderburgh County was a default judgment based upon constructive service only, and was a personal judgment for $960 and costs, it would follow that the judgment would be in conflict with the above statute and hence would be a nullity and void. *Sowders* v. *Edmunds, et al.* (1881), 76 Ind. 123; *Moyer, Guardian* v. *Bucks* (1891), 2 Ind. App. 571, 28 N. E. 992; *Pattison* v. *Grant Trust etc., Co., Adm.* (1924), 195 Ind. 313, 144 N. E. 26; 2 Gavit, Ind. Pl. & Pr., §213(e) (6); 17 I. L. E., Judgment, §15, p. 150.

And, as is said in 17 I. L. E., Judgment, §271, p. 345,

". . . a judgment which is absolutely void is entitled to no authority or respect, and therefore may be impeached at any time in any proceeding in which it is sought to be enforced or in which its validity is questioned, by any one with whose rights or interests it conflicts." See also: *Coryell* v. *Crawley* (1956), 235 Ind. 139, 131 N. E. 2d 467, and cases there cited.

The record discloses that the basis for the action in the Superior Court of Vanderburgh County was the personal judgment for money in the sum of $960 and

costs by the Arkansas Court; that being the foundation of the action in the Superior Court of Vanderburgh County, its jurisdiction was limited to the rendition of a money judgment, (*i.e.* the subject matter of the action), the enforcement of the personal judgment (*i.e.* jurisdiction of the person of the appellant) was barred by the statute, §2-1062, Burns' 1946 Replacement, *supra.*

This was not an action in attachment, as the requirements of the statute Acts 1881 (Spec. Sess.), ch. 38, §202, p. 240, being §3-509, Burns' 1946 Replacement, were totally ignored. Attachment being a statutory proceeding in derogation of the common law, must be strictly construed or no rights will be acquired thereunder. 3 I. L. E., Attachment, §1, p. 193.

Appellant raises further questions relative to the proceedings below which are of probative value, but need not be discussed in this dissent in view of the decision reached on the determinative questions.

The judgment of the trial court should be reversed.

NOTE.—Reported in 172 N. E. 2d 859.