MONON RAILROAD *v.* PUBLIC SERVICE COMMISSION
OF INDIANA ET AL.

[No. 30,036. Filed November 28, 1960.]

*Harker, Irwin, Campbell & Harker,* of Frankfort, and *John B. Goodrich,* of counsel, of Chicago, Illinois, for appellant.

*Frank L. Harlor,* Assistant Public Counselor, *Edwin K. Steers,* Attorney General, and *George Diven,* Public Counselor, for appellees.

JACKSON, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215 Burns' 1946 Replacement. See *Monon Railroad* v. *Public Service Commission of Indiana, et al.* (1959), 161 N. E. 2d 626, for opinion of the Appellate Court.

Originally this was a proceeding before the Public Service Commission to require the railroad to furnish crossing protection at two railroad crossings in or near the town of Creston, Lake County, Indiana. From an adverse order of the commission the appellant railroad company appealed to the Appellate Court of Indiana where order of the Commission was affirmed.

We deem determinative of the issues involved two questions raised by the appellant as follows:

1. May the Public Service Commission, after the termination of a hearing on a petition to require a railroad company to establish a flagman at a county highway crossing, pursuant to Acts 1915, ch. 49, §§1 to 4, being §§55-2016 to 55-2019, Burns' 1951 Replacement, inclusive, without notice to the parties, conduct its own investigation, without making a record thereof, and then enter an order requiring appellant railroad to establish a flagman?

2. Whether or not the Public Service Commission failed to make a specific finding of fact that the appellant railroad company is unable to remove an obstruction to view, but found such facts by implication, and thereupon entered an order requiring the railroad company to establish a flagman at a county highway crossing?

In disposing of the issues we will discuss them in numerical order.

1. This court has previously decided such question in the negative in *Pub. Ser. Comm. et al., etc.* v. *Ind. Bell Tel. Co.* (1956), 235 Ind. 1, 27, 130 N. E. 2d 467. There the court said:

> "In a matter such as the action at bar the Commission cannot act on its own independent information, but must base its findings upon evidence presented in the case, with an opportunity to cross-examine witnesses, to inspect documents or exhibits, and to offer evidence in explanation or rebuttal and nothing can be treated as evidence which has not been introduced as such."

In a proceeding to require the installation of additional warning facilities at extra hazardous grade crossings such proceeding must be conducted in conformity with the law governing petitions, hearings and pro-

ceedings before said Commission in regard to rates and sevice of public utilities. Acts 1935, ch. 234, §1, p. 1230, being §55-2012, Burns' 1951 Replacement.

We see no reason why the same rules of procedure should not be followed in proceedings concerning the installation of additional means of warning at public crossings where the view is obstructed, pursuant to Acts 1915, ch. 49, *supra*.

Here the record discloses that the hearing was held on July 19, 1956, the finding entered December 24, 1957, and the special investigations were made within thirty days prior to the finding.

"In a matter such as the action at bar the Commission cannot act on its own independent information, but must base its findings upon evidence presented in the case, with an opportunity to cross-examine witnesses, to inspect documents or exhibits, and to offer evidence in explanation or rebuttal and nothing can be treated as evidence which has not been introduced as such." *Pub. Ser. Comm. et al., etc.* v. *Ind. Bell Tel. Co.* (1956), 235 Ind. 1, 27, 130 N. E. 2d 467; Acts 1941, ch. 101, §5, p. 255, being §54-112 Burns' 1951 Replacement; *Pub. Ser. Comm.* v. *Ft. Wayne U. Ry. Co.* (1953), 232 Ind. 82, 96, 111 N. E. 2d 719; *Application of Plainfield Union Water Co.* (1952), 11 N. J. 382, 94 A. 2d 673; *Mazza* v. *Cavicchia* (1954), 15 N. J. 498, 105 A. 2d 545; *Powhatan Mining Co.* v. *Ickes* (1941), 6th Cir., 118 F. 2d 105.

2.   This court has said in *Gen. Tel. Co. etc.* v. *Pub. Serv. Comm. of Ind. et al.* (1958), 238 Ind. 646, 653, 150 N. E. 2d 891,

". . . we have repeatedly held there must be specific findings of ultimate facts to sustain the ■ order. 'The Public Service Commission should find the ultimate facts specifically and not generally.' "

The rule above enunciated was laid down in *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 675, 77 N. E. 2d 572. In such case the court quoted with approval from *Wichita Railroad & L. Co.* v. *Public Utilities Commission* (1922), 260 U. S. 48, 43 S.. Ct. 51, 67 L. Ed. 124, as follows:

" 'In creating such an administrative agency, the legislature, to prevent its being a pure delegation of legislative power, must enjoin upon it a certain course of procedure and certain rules of decision in the performance of its function. It is a wholesome and necessary principle that such an agency must pursue the procedure and rules enjoined, and show a substantial compliance therewith, to give validity to its action. When, therefore, such an administrative agency is required, as a condition precedent to an order, to make a finding of facts, the validity of the order must rest upon the needed finding. If it is lacking, the order is ineffective.' "

For the reasons above stated we must conclude that the decision of the Public Service Commission is invalid, and that the same must be and is hereby reversed.

In view of the decision we have reached, other questions raised in the petition to transfer need not be and are not here decided.

Judgment reversed.

Bobbitt, Achor and Landis, JJ., concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 170 N. E. 2d 441.