THE BALTIMORE AND OHIO RAILROAD COMPANY ET AL.
*v.* PUBLIC SERVICE COMMISSION OF INDIANA ET AL.

[No. 19,320. Filed September 25, 1961. Rehearing
denied November 28, 1961.]

494

*Edward R. Gustafson, Richard J. Murphy, Charles W. Chapman,* all of Chicago, Illinois, *Stephen W. Terry, Jr.,* and *Baker & Daniels,* of counsel, both of Indianapolis, for appellants.

*Robert R. Wertz, Edward M. Boyne,* both of Pittsburgh, Pennsylvania, for intervening appellant, United States Steel Corporation.

*Henry M. Hogan, Walter R. Frizzell,* both of Detroit, Michigan, *Hubert Hickman, Jerry P. Belknap* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, all of Indianapolis, for intervening appellant, General Motors Corporation.

*Karl J. Stipher* and *Baker & Daniels,* of counsel, both of Indianapolis, for intervening appellant, Inland Steel Company.

*Ferdinand Born, Howell Ellis, Robert W. Loser, Michael L. Fansler, Gustav H. Dongus* and *Fansler, Fauvre, Dongus & Barnard,* of counsel, all of Indianapolis, for intervening appellees, Miller Transportation, Inc., Steel Transportation Company, Inc., Steel Dis-

patch, Inc., J. Artim & Sons, Inc., C.P.T. Freight, Inc., and Tucker Freight Lines, Inc.

MYERS, J.—This is an appeal from an order of the Public Service Commission of Indiana requiring appellant railroads to establish and maintain a minimum scale of rates for the transportation of manufactured iron and steel articles in intrastate commerce within the State of Indiana. All motor carriers were likewise required to establish and maintain the same minimum rates.

The railroads instituted the proceeding on November 5, 1954, by filing a petition with the Public Service Commission in which they asked for an investigation of the rates, charges, rules, regulations, and practices governing the transportation of manufactured iron and steel articles in intrastate commerce within the State of Indiana. Public hearings were held on October 7, 1957, November 18 and November 19, 1957, and December 2 and December 23, 1957.

On January 24, 1958, the Commission entered an order in which it found, *inter alia,* as follows:

> "That there has been insufficient evidence introduced in this cause by which the Commission can determine whether or not the rates and charges and practices within the State of Indiana by steam railroads, common carriers by motor vehicle and contract carriers by motor vehicle, are lawful and reasonable or unlawful and unreasonable."

As a result, the Commission ordered that no determination be made of the rates, charges, rules, regulations, and practices for the transportation of manufactured iron and steel articles within the state by railroads or contract and common carriers by motor vehicle. It was further ordered that this particular order remain "interlocutory," that the Commission retain jurisdiction

of the subject-matter of the cause, and that further hearings would be held on the application of any party.

On March 31, 1959, without any further hearings or intervening notice, the Commission entered an order which required appellant railroads and motor carriers under the jurisdiction of the Commission to have on file with the Commission and in full force and effect on or before May 4, 1959, tariffs and schedules, or supplements to tariffs and schedules, reflecting minimum rates and charges for the transportation of manufactured steel and iron articles within the state, equal to a preponderance of the common motor carrier rates on file with the Commission and which were effective on June 1, 1958.

On April 17, 1959, appellants filed a petition for rehearing and modification with the Commission. On May 1, 1959, the Commission entered an order reaffirming its order of March 31, 1959. Appellants have appealed to this court from both orders, claiming each is contrary to law.

One of the arguments presented by appellants is that the orders are void and invalid because a certain "investigation" upon which they were based was illegal.

In its order of March 31, 1959, the Commission stated as follows:

"Since the conclusion of the hearing resulting in the approving of the Interlocutory Order, the Commission on its own initiative took steps to investigate the traffic now moving to points and places in the State of Indiana."

In its order of May 1, 1959, the following statement was made by the Commission:

"There is no question of the right of the Commission when it feels that the parties have failed to produce satisfactory evidence that it may require

them to produce additional and more satisfactory evidence. The Commission may make its own investigations. In the instant case, the Commission, did make certain investigations and incorporated the results of such investigation into the order issued March 31, 1959."

There is nothing in the findings or order to indicate what "steps to investigate" were taken by the Commission or what "investigations" were made during the interim period between the order of January 24, 1958, and that of March 31, 1959. It did say that a study of tariffs on file and a review of motor carrier records was made, but there is no disclosure of which particular tariffs or records were studied or the circumstances under which this review took place. We can only determine that it conducted some kind of a silent investigation without the knowledge of appellants herein. This, we think, it had no right to do.

In *Monon Railroad* v. *Public Service Comm. of Ind.* (1960), 241 Ind. 142, 170 N. E. 2d 441, there was a proceeding before the Public Service Commission to require the railroad to furnish crossing protection at two railroad crossings in Lake County, Indiana. The Commission held a public hearing on July 19, 1956, on this matter and entered a finding and order requiring the railroad to provide a flagman or other protection at the crossings; which order was dated December 24, 1957. The record revealed that the Commission had made a private investigation of its own in this proceeding within thirty days prior to the order.

In reversing the Commission's order, the Supreme Court held as follows (at pages 144, 145 of 241 Ind., at pages 441, 442 of 170 N. E. 2d) :

"1. May the Public Service Commission, after the termination of a hearing on a petition to require a railroad company to establish a flagman at

a county highway crossing, pursuant to Acts 1915, ch. 49, §§1 to 4, being §§55-2016 to 55-2019, Burns' 1951 Replacement, inclusive, without notice to the parties, conduct its own investigation, without making a record thereof, and then enter an order requiring appellant railroad to establish a flagman?

. . . . .

"1. This court has previously decided such question in the negative in *Pub. Serv. Comm. et al., etc.* v. *Ind. Bell Tel. Co.,* 1956, 235 Ind. 1, 27, 130 N. E. 2d 467, 479. There the court said:

" 'In a matter such as the action at bar the Commission cannot act on its own independent information, but must base its findings upon evidence presented in the case, with an opportunity to cross-examine witnesses, to inspect documents or exhibits, and to offer evidence in explanation or rebuttal and nothing can be treated as evidence which has not been introduced as such.'

"In a proceeding to require the installation of additional warning facilities at extra hazardous grade crossings such proceeding must be conducted in conformity with the law governing petitions, hearings and proceedings before said Commission in regard to rates and service of public utilities. Acts 1935, ch. 234, §1, p. 1230, being §55-2012, Burns' 1951 Replacement.

"We see no reason why the same rules of procedure should not be followed in proceedings concerning the installation of additional means of warning at public crossings where the view is obstructed, pursuant to Acts 1915, ch. 49, *supra.*

"Here the record discloses that the hearing was held on July 19, 1956, the finding entered December 24, 1957, and the special investigations were made within thirty days prior to the finding."

The same rule applies in this case. After terminating the hearing which resulted in its first order of January 24, 1958, the Commission had no authority to conduct a private investigation of the matters involved without notice to the parties, without

making a record of it, without further hearings, and then proceed to enter an order establishing rates. Clearly, both the orders of March 31, 1959, and of May 1, 1959, are invalid.

The intervening appellees have strongly argued that this appeal should be dismissed for failure to present the cause properly in this court and for lack of jurisdiction. They contend that the matter was still *in fieri* before the Commission when this appeal was taken; that the statute provides for an appeal to this court from a "final" order only (§54-443, Burns' Ind. Stat., 1951 Replacement [Supp.]) ; that the orders complained of by appellants are merely "interlocutory" orders; and that appellants did not file their brief within the time as called for by Rule 2-15 of the Supreme Court of Indiana.

This court has disposed of that question in *American Vitrified Prod. Co.* v. *Public Service Com'n* (1961), — Ind. App. —, 176 N. E. 2d 145, where we held that an order of the Public Service Commission which had the effect of establishing rates for a municipally-owned electric utility was a "final" order for purposes of review by this court, although termed "interlocutory."

Appellees further urge that the appeal should be dismissed because this question has become moot. This argument is based upon the fact that appellants filed one rate from the cities of Gary to Anderson, Indiana, consistent with and in conformity to the Commission's minimum rate order. It overlooks the fact that the order applies to all rates of railroads and motor carriers throughout the entire state, and the fact that here are intervening parties in this proceeding who are shippers and receivers of freight who had nothing to do with the filing of the rate between Gary and

Anderson and would remain adversely affected by the increase of these minimum rates.

The orders of the Commission in this cause dated March 31, 1959, and May 1, 1959, are in error, and hereby declared contrary to law and invalid. The cause is therefore remanded to the Commission for further proceedings not inconsistent with this opinion.

Pfaff, C. J., Ryan, P. J., and Ax, Bierly, Cooper and Kelley, JJ., concur.

Gonas, J., concurs in result.

NOTE.—Reported in 177 N. E. 2d 275.