TOWN OF EATON *v.* RICKERT ET AL.

[No. 31,041. Filed October 10, 1968.]

*Sidney E. McClellan,* of Muncie, for appellant.

*Paul Fredrick Brady, Frank C. Massey, Thomas L. Raisor, Brady & Brady,* and *Dennis, Cross, Raisor & Jordan,* of Muncie, for appellees.

ARTERBURN, J.—This is an appeal from condemnation proceedings instituted by the Town of Eaton to take an easement and rights of way across appellees' land for the construction of a sewer. The Town Board on October 13, 1964, approved and confirmed a declaratory resolution and assessed damages and benefits accruing to the appellees by finding that they off-set each other. The board thereafter fixed a time certain at which it would hear remonstrances regarding the respective awards or assessments. At the time of the hearing the appellees appeared and remonstrated. It does not appear in the record whether this was in writing or not. Thereafter, the Town Board adopted a resolution confirming its previous action.

On November 16, 1964, the appellees filed a complaint by way of appeal to the circuit court. On June 8, 1966, appellees filed an amended complaint. On June 9, immediately prior to the beginning of the trial on that date, the parties entered into stipulations which were entered of record by the court.

The court entertained the hearing on that date and at the end of the day adjourned the cause until the next day, June 10, 1966. On the second day the plaintiff tendered and *asked leave* to file a demurrer to the amended complaint. The demurrer was based upon the contention that the complaint did not state that written remonstrances were filed before the Town Board and therefore the circuit court did not have jurisdiction to hear the issue of damages. Objections were made to the filing of the demurrer after the submission of the cause and the court sustained the objections.

After the conclusion of the evidence and before argument, appellant-town filed a motion to dismiss the cause in the circuit court on the same grounds as the demurrer. At the conclusion of the trial, the court entered the following order:

"This matter having heretofore been taken under advisement, the Court now finds for the plaintiffs and against the defendant that: — . . ."

and awarded the appellees Rickert and Rickert $1,440.00; Dollar and Dollar $1,085.00; Carder and Carder $3,120.00 and Esther Wall $1,780.00 in damages.

Appellant's amended complaint alleged with reference to the remonstrance:

". . . plaintiffs presented their remonstrance to said Board whereby they stated to said board that they would suffer damage to the above described real estate as a result of the condemnation of said real estate by said Board."

Appellees contend that the appellant, if the complaint was defective in any fashion, failed to avail themselves by filing a timely demurrer before the cause was submitted for trial. That after trial commences, it is discretionary with the court whether or not it desires to entertain a demurrer, and the court, in its discretion, denied leave to file such demurrer which was offered in the middle of the trial.

Procedural rules are for the purpose of bringing to issue matters of law or fact at a time when they may be given proper consideration. The appellant having failed to avail itself of the right to file a demurrer within time, cannot complain if the court refuses to entertain such a demurrer filed too late.

"Even in the absence of an express agreement the voluntary submission of a cause for trial waives the failure to file pleadings forming an issue. *June* v. *Payne,* 107 Ind. 307; *City of Warsaw* v. *Dunlap,* 112 Ind. 577; *Hartlep* v. *Cole,* 101 Ind. 458; *Johnson* v. *Briscoe,* 92 Ind. 367; *Hege* v. *Newson,* 96 Ind. 426; *Chambers* v. *Butcher,* 82 Ind. 508; *Lewis* v. *Bortsfield,* 75 Ind. 390; *Felger* v. *Etzell,* 75 Ind. 417. The principle asserted in the cases cited fully authorizes our conclusion that the appellant is precluded from attacking the pleadings; that principle would, indeed, warrant us in going much further than it is necessary or proper for us to do in this instance." *The Farmers Loan and Trust Co.* v.

*The Canada and St. Louis Railway Co. et al.* (1890), 127 Ind. 250, 254.

The court committed no error in refusing to entertain the demurrer filed during the trial of the cause.

We come next to the question of the court's denial of the defendant's motion to dismiss when, at the conclusion of the trial, it entered judgment for the appellees and awarded damages. The motion to dismiss is based upon the same points contained in the demurrer. It is the appellees' contention that the stipulations eliminated all issues of law except the issues of fact with reference to the damages, and that the mere fact that the remonstrance before the Town Board may or may not have been in writing (the fact of whether or not it was in writing not appearing in the record) is merely a procedural question and not one that goes to the jurisdiction of the person or the subject matter.

"Far too often there is an inclination in a law suit to attempt to convert a legal issue into one of 'jurisdiction' and from that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time or that the proceedings are subject to collateral attack and are a matter for original writs in this court. We look with disfavor upon points raised for the first time on appeal in the higher court or in original actions without first raising the issue with specific objections thereto at the first opportunity in the trial court.

"The trial court had jurisdiction of the subject matter in this case when it was filed. The right of a party to maintain a suit as a plaintiff or substitute plaintiff must be raised by a proper pleading or motion questioning such authority at the first opportunity, or the objection is waived. In one of the cases cited above the point was raised by a demurrer to the complaint, *Malone* v. *Conner* (1963), 135 Ind. App. 167, 189 N. E. 2d 590. In another by a motion to dismiss, *Stewart* v. *Marson Construction Corporation* (1963) 244 Ind. 134, 191 N. E. 2d 320." *J. I. Case Company* v. *Sandefur; Sandefur, Administratrix, Etc.* (1963), 245 Ind. 213, 217, 197 N. E. 2d 519.

Appellant relies heavily upon the case of *City of Indianapolis* v. *Stutz Motor Company* (1921), 94 Ind. App. 211, 180 N. E. 497. We have examined that case and find that the appellant filed a timely demurrer to the appeal to the circuit court, pointing out specifically that appellees did not appear or file any remonstrance of any kind at the hearing before the Board of Public Works. Four days after the date of the hearing, appellees did attempt to do so. The court stated (at p. 221) :

> "If appellee failed to file a remonstrance within the time designated by the board, then it had no right to appeal from the action of that board approving the assessment. . . ."

In that case the Appellate Court held that the demurrer should have been sustained and, in our opinion rightfully so, since the complaint was defective in that it failed to contain the proper allegations. Although some general statements are made by the court in the opinion with reference to jurisdiction, we do not think that it was pertinent or material to the decision in the case. The case of *City of New Albany* v. *Lemon* (1926), 198 Ind. 127, 149 N. E. 350, is also cited by the appellant in support of its position, but we find it is not pertinent for the reason that it concerned the failure to file a bond, as required by statute, to perfect an appeal for a review of an assessment.

Frequently courts rather loosely state the court has no jurisdiction in a particular matter when, in reality, all that exists is a mere insufficiency of an allegation in a complaint that does not affect the jurisdiction of the court to entertain the complaint, since the court has general jurisdiction of the subject matters involved. Were it otherwise, after judgment, the judgment could be collaterally attacked by a re-examination of a complaint and a claim that the allegations were insufficient. The mere statement of such a procedure reveals the weakness of such a position. So

long as a court has general jurisdiction of a class of cases, as circuit courts do in this state, a defendant may waive his right to object to defects in a complaint in any particular case by entering a general appearance and without making timely and specific objections. 7 I. L. E., *Courts*, § 7, p. 417.

Jurisdiction is the authority and power to hear and determine causes of action and the right to adjudicate relative to the subject matter. In the case of a court of general jurisdiction, such as a circuit court of this state, the record need not affirmatively show such jurisdiction, although such a showing is necessary in a court of inferior or limited jurisdiction. The burden is on the party attacking jurisdiction to make a proper showing in a court of general jurisdiction. 7 I. L. E., *Courts*, § 1, p. 408.

In the case before us the motion to dismiss was nothing more than a demurrer because of alleged insufficiency of facts in the complaint, and one may not circumvent the requirements procedurally that a demurrer must be timely filed by filing a motion to dismiss at a later date, raising the same claimed defect in the complaint. Of course, a motion to dismiss may be used to raise the issue of jurisdiction as to the subject matter and as to the person, but the mere failure to put a remonstrance in writing, if such be the case, is merely a procedural defect and does not go to the jurisdiction of the subject matter or the person. If the remonstrance was not in writing and the appellant desired it to be in writing, it could have requested such action by a proper motion at the proper time. In our opinion such a minor defect procedurally does not result in the court losing jurisdiction. Circuit courts of this state have general jurisdiction of the subject matter of this case, namely, the fixing of the amount of damages in condemnation suits instituted by a town.

A mere insufficiency of facts in the allegations in the complaint does not affect jurisdiction of the court to entertain the complaint if it has general jurisdiction

of such subject matters. *State ex rel. Felthoff* .v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596.

The judgment of the trial court is affirmed.

Lewis, C. J., and Hunter and Jackson, JJ., concur. DeBruler, J., not participating.

NOTE.—Reported in 240 N. E. 2d 821.