STATE BOARD OF TAX COMMISSIONERS, JOSEPH D. GEESLIN, JR., CHAIRMAN, CARLETON L. PHILLIPPI, DURWOOD S. STRANG, AS MEMBERS OF THE STATE BOARD OF TAX COMMISSIONERS, AND THEIR SUCCESSORS IN OFFICE *v.* HARRY OLIVERIUS ET AL.

[No. 3-572A3. Filed April 12, 1973. Rehearing denied May 22, 1973. Dismissed August 16, 1973.]

*Theodore L. Sendak,* Attorney General, *Curtis J. Butcher, Donald P. Bogard,* Deputies Attorney General, for appellants.

*Paul Reed, Reed & St. Martin,* of Knox, for appellees.

STATON, J.—NATURE OF THE APPEAL: A reassessment of real property in Starke County was begun on March 1, 1969. The county trustees had engaged a professional appraising firm to make the reassessment. Several taxpayers felt that the reassessment made by the professional appraising firm was

inaccurate and filed a complaint with the County Board of Review. The County Board of Review set aside the professional reassessment and ordered the Trustees of Starke County to make a new reassessment. This reassessment was accomplished by applying a percentage to the value stated on the property record cards. Hearings were held by the State Board of Tax Commissioners at which time they determined that the first reassessment made by the professional appraising firm was the better of the two assessments and should be used for tax purposes. The taxpayers sought relief from the State Board of Tax Commissioners' decision by filing a complaint in the Starke Circuit Court.

The taxpayers filed a motion for summary judgment based upon a denial of due process. The taxpayer's allegation was that the State Tax Board considered matters in their decision that were not introduced at the hearings and that this evidence was gathered without the knowledge of and without the presentation to the taxpayers. The trial court granted the motion for summary judgment and this appeal ensued.

Two issues are presented for our review:

1. Did the Starke Circuit Court have subject matter jurisdiction?
2. May the State Tax Board base its decision on evidence obtained in the absence of and without the knowledge of the petitioners-taxpayers and without giving the petitioners-taxpayers an opportunity to meet or rebut such evidence?

In our opinion which follows, we hold that the State Tax Board did not rebut the presumption of jurisdiction and that the consideration of evidence in the absence of or without notice to the taxpayers so that it may be rebutted is a denial of due process of law. We affirm the trial court's judgment.

STATEMENT OF THE FACTS: The county trustees of Starke County, Indiana authorized a professional appraising firm to reassess the property in Starke County. A review of this reassessment before the County Board of Review was sought by affected taxpayers. The County Board of Review

ordered the township trustees to reassess all real property in the townships of Starke County. New reassessments were made by the trustees as ordered by the County Board of Review. The reassessment was accomplished by applying a percentage to the value stated on the property record cards. Affected taxpayers sought review of this order before the State Board of Tax Commissioners. Hearings were held by the State Tax Board and at the conclusion of said hearings, the State Tax Board ordered the County Board of Review to reinstate the professional appraising firm's first reassessment. The affected taxpayers filed a class action on behalf of some 900 taxpayers in the Starke Circuit Court. On July 1, 1970, the cause was venued to Porter County.

A motion for summary judgment was filed by the affected taxpayers on October 29, 1971. The motion was granted after hearings on November 16, 1971. The motion to correct errors was filed on January 14, 1972 and overruled on February 25, 1972. The appeal was fully briefed and distributed to this Court on November 14, 1972.

STATEMENT OF THE ISSUES: There are two issues which must be decided by this Court. They are:

1. Did the Starke Circuit Court have subject matter jurisdiction?
2. May the State Tax Board base its decision on evidence obtained in the absence of and without the knowledge of the petitioners-taxpayers and without giving the petitioners-taxpayers an opportunity to meet or rebut such evidence?

## STATEMENT ON THE LAW

ISSUE ONE:

Did the Starke Circuit Court have subject matter jurisdiction?

The State Board of Tax Commissioners on September 19, 1972 filed with this Court a motion to vacate the judgment of the Porter Superior Court for lack of subject matter jurisdiction. The underpinning of the State Tax Board's motion is the

recent decision by the First Division of the Appellate Court of Indiana in *Cooper* v. *County Board of Review of Grant County* (1971), 150 Ind. App. 232, 276 N.E.2d 533. The State Tax Board argues that the Porter Superior Court did not obtain subject matter jurisdiction in that a statutory remedy was available and that the taxpayers had failed to pursue this remedy.[1] In *Cooper* v. *County Board of Review of Grant County, supra,* 276 N.E.2d at 539, this Court quoted Justice Arterburn's opinion in *Public Service Commission of Indiana* v. *City of Indianapolis* (1956), 235 Ind. 70, 83, 131 N.E.2d 308:

> " '. . . [W]here the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law. *Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy.* ' "

If the taxpayers are afforded a statutory remedy, it must be followed. If the remedy is not followed, they waive any rights that they may have had to pursue an alternative remedy. If the taxpayers had a statutory remedy and chose not to follow it, the Porter Superior Court would have been divested of subject matter jurisdiction, and an attack on its jurisdiction under Rule TR. 12(B)(1) of the Indiana Rules of Procedure would be proper.

Our first determination must be whether IC 1971, 6-1-31-4; Ind. Ann. Stat. § 64-1004 (Burns 1972 Supp.) provides a statutory right to the taxpayers to appeal the final determination of the State Tax Board in an equalization order.[2] In determining whether a statute ap-

---

1. The statutory remedy alluded to by the State Tax Board is IC 1971, 6-1-31-4; Ind. Ann. Stat. § 64-1004 (Burns 1972 Supp.).

2. The statutory provisions relating to equalization orders by the State Tax Board are found in IC 1971, 6-1-29-1, Ind. Ann. Stat. § 64-831—IC 1971, 6-1-29-7; Ind. Ann. Stat. § 64-836 (Burns 1972 Supp.).

plies to a final determination of the State Tax Board, we must not view the statute in isolation but must ascertain its effect and application by reading it in context with the entire act. *Walgreen Co.* v. *Gross Income Tax Division* (1947), 225 Ind. 418, 75 N.E.2d 784 and *State ex rel. Clemens* v. *Kern* (1939), 215 Ind. 515, 20 N.E.2d 514. In so doing, it becomes readily apparent that IC 1971, 6-1-31-4, *supra,* applies to *any* final determination of the State Tax Board which affects the assessment on a taxpayer's property, regardless of the procedural steps that preceded the State Tax Board's decision. Thus, a final equalization order which affects a petitioner's tax assessment can be appealed through IC 1971, 6-1-31-4, *supra.*

The question now becomes: Are the taxpayers precluded from review because they failed to comply with the requirements of IC 1971, 6-1-31-4, *supra?* IC 1971, 6-1-31-4, *supra,* reads as follows:

"Appeals to circuit or superior court.—Any person shall have the right to appeal from the final determination of the state board of tax commissioners regarding the assessment on his property to the circuit or superior court of the county in which said property is being assessed. Appeals may be consolidated, at the request of the appellants, in order to save the expenses thereof, when it can be done in the interest of justice. At any time within thirty [30] days after the board gives notice of its determination, an appeal may be taken by filing a written notice with the board asking for such appeal and designating the court to which such appeal is being taken, together with the filing of a complaint in said court, a copy of which shall be served upon the attorney-general as provided by the Acts of 1945, chapter 3, section 1 [§ 49-1937], as amended; no such appeal shall be deemed to have been commenced unless the service of such complaint upon the attorney general, as therein provided, is made within thirty [30] days after the board gives notice of its determination as provided herein. Upon such appeal being requested, the secretary of the board shall make out and certify to a complete transcript of the proceedings, not including the evidence, had with respect to the property of the person so appealing, and transmit the same to the clerk of the designated court. Such appeal shall be tried by the court without the intervention of a jury, and the trial

shall be governed by the laws governing civil actions. All appeals under this section shall be advanced on the docket of the court and shall be entitled to precedence in the consideration of the court. . . ."

IC 1971, 6-1-31-4, *supra*, states that to appeal the State Tax Board's final order, the taxpayers must have:

(1) filed a written notice with the tax board
    (a) asking for an appeal;
    (b) designating the court to which the appeal would be taken;
(2) File a complaint in the Starke Circuit Court
(3) Send a copy of the complaint to the attorney general, and
(4) Serve the complaint on the attorney general and the notice of appeal on the State Tax Board within 30 days of the State Tax Board's notice of its final determination.

The record shows that the final order of the State Tax Board was filed on May 14, 1970. The complaint was filed by the taxpayers in the Starke Circuit Court on June 8, 1970. As to the rest of the requirements listed above, the record is silent. Coupled with this lack of information is a stipulation by the parties that:

"14. It is stipulated that all steps necessary to be taken by the named plaintiffs to perfect an appeal from the order of May 14, 1970, were duly and timely taken by said plaintiffs and the court has jurisdiction of this appeal."

Parties cannot confer jurisdiction over the subject matter by consent;[3] however, where the record does not disclose the lack of jurisdiction, we cannot presume that it was absent. If we indulge in any presumptions, they must be in favor of the trial court's action. In all cases appealed to this Court, there is a presumption that the trial court correctly decided the questions presented. It is incum-

---

3. It is the law in this State that subject matter jurisdiction cannot be conferred upon the court by the consent of the parties. *Cooper* v. *Board of Review of Grant County, supra.* See also 1 Ind. Prac. Rules of Civil Procedure, Harvey at 604.

bent upon the appellant to rebut this presumption. *Kuykendall* v. *County Comm'rs. Of Marion County* (1968), 142 Ind. App. 363, 364, 234 N.E.2d 860; see also, *Shoemaker* v. *South Bend Spark Arrester Co.* (1893), 135 Ind. 471, 35 N.E. 280; *Town of Eaton* v. *Rickert* (1968), 251 Ind. 219, 240 N.E.2d 821; *First State Bank of Valparaiso* v. *Crumpacker* (1950), 120 Ind. App. 317, 90 N.E.2d 912.

The State Tax Board has failed to demonstrate that the Porter Superior Court did not have subject matter jurisdiction; therefore, the motion to vacate the judgment of the Porter Superior Court for lack of subject matter jurisdiction should be overruled.

ISSUE TWO:

> May the State Tax Board base its decision on evidence obtained in the absence of and without the knowledge of the taxpayers and without giving the taxpayers an opportunity to meet or rebut such evidence?

Normally, when we review the granting of a motion for summary judgment, our endeavors are directed toward ascertaining the existence of a genuine issue of fact. However, in this case due to an "appeal stipulation" the only question presented is a question of law. The State Tax Board and the taxpayers have entered this stipulation:

> "The order of State Board of Tax Commissioners entered on May 14, 1970, in the proceedings concerning reassessment of real estate in Starke County, Indiana, in which the appellees were objectors and petitioners, was based, in part, upon evidence not presented at the hearing held on April 13, 1970, and such evidence was received by the State Board in the absence of the said objectors and petitioners, without their knowledge and without their having an opportunity to cross examine the party or parties submitting such evidence or meet or rebut such evidence."

The only justification that the State Tax Board has advanced for considering *ex parte* evidence is their interpretation of IC 1971, 6-1-38-6; Ind. Ann. Stat. § 64-1607 (Burns 1961) which reads as follows:

"Hearing officers—Procedure.—When, under the provisions of any statute, the state board of tax commissioners is required to conduct a hearing, a member or members of such board need not be present or preside at such hearing, but the board shall have the power to appoint, by an order in writing, hearing officers to so preside, whose duties shall be prescribed in such order. In the discharge of their duties, such hearing officers shall have all the powers granted to the board to investigate and to require evidence. The board may conduct any number of hearings contemporaneously through different hearing officers. At the conclusion of the hearing, the hearing officer shall make a written report thereof. After receipt of such report the board may take further evidence or hold further hearings. The decisions of the board shall be based upon such report, additional evidence, and records as the board deems pertinent."

In is the State Tax Board's contention that the last line of the above statute which allows the Board to base its decision on additional evidence and records is statutory justification for their actions.

Providing a party the opportunity to meet and rebut adverse evidence or the opportunity to cross-examine adverse witnesses has been held by the Supreme Court of the United States to be one of the minimum requirements of due process in an administrative hearing. *Goldberg* v. *Kelly* (1970), 397 U.S. 254. It is also the view held in Indiana. *Doran* v. *Board of Education of Western Boone Co. Com. Sch.* (1972), 152 Ind. App. 250, 283 N.E.2d 385; *Public Service Comm.* v. *Indiana Bell Telephone Co.* (1955), 235 Ind. 1, 130 N.E.2d 467; see also 18 A. L. R. 2d 552. Indiana follows the rule that a final administrative decision is a denial of due process when it considers evidence received outside the presence of a party who is without notice of its consideration and who is not afforded an opportunity to rebut the evidence.[4]

---

4. We are not here deciding that an administrative agency may never consider evidence not made a part of the formal or informal hearing. Examples of instances where such considerations were held proper can be found in 18 A.L.R. 2d 552. We hold only that if the agency does consider *ex parte* evidence, that it make such evidence known and available to such parties and allow them the opportunity to meet and rebut

We can only conclude in the light of the stipulation and case authorities cited above that an unconstitutional practice would be adopted if we were to accept the State Tax Board's construction of IC 1971, 6-1-38-6, *supra,* We find no error.

The judgment of the trial court should be and the same hereby is affirmed.

Sharp, J., concurs; Hoffman, C.J., dissents with opinion.

### DISSENTING OPINION

HOFFMAN, C.J.—I concur in that part of the majority opinion which holds that the motion to vacate the judgment of the Porter Superior Court for lack of subject-matter jurisdiction should be overruled.

However, I dissent from the remainder of the opinion for the reason that a final administrative hearing by the State Tax Board is not a denial of due process under the circumstances specified in the majority opinion.

The question is whether it is contrary to law for the State Tax Board to admit evidence not adduced in a hearing, thus denying objectors and petitioners the opportunity to rebut such evidence or cross-examine the party, or parties, presenting the evidence.

In referring to administrative authorities in general, Annot., 18 A. L. R. 2d 552, at 555 (1951), states that:

"As a general proposition, it is not proper for an administrative authority to base a decision of adjudicatory nature, or findings in support thereof, upon evidence or information outside the record, and in particular upon evidence obtained without the presence of and notice to the interested parties, and not made known to them prior to the decision." (Footnotes omitted.)

However, this general rule is confined in its applicability to proceedings of an adjudicatory nature where such proceed-

---

the *ex parte* evidence. *Goldberg* v. *Kelly, supra; Morrissey* v. *Brewer* (1972), 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 and *Doran* v. *Board of Education of Western Boone Co. Com. Sch., supra.*

ings culminate in a determination affecting legal rights of the parties.

Due process does not require the State Board to submit at the statutory hearings all the evidence upon which its final determination may be based. *Douglas County* v. *State Board of Equalization and A.* (1954), 158 Neb. 325, 63 N.W.2d 449.

In *Carpenter* v. *State Board of Equalization and Assess.* (1965), 178 Neb. 611, 134 N.W.2d 272, at 277, it was stated that "[a] wide latitude of judgment and discretion is vested in the Board." Further, at 277 of 134 N.W.2d, it is stated that:

> "The Board is not bound by the actual record of the evidence taken before it. No particular method or procedure must be followed. No particular kind or standard of evidence is required. It may act upon the knowledge of its own members as to value, on any other information satisfactory to it, and it is entitled to act upon the presumption that the abstracts of assessment returned by the various counties have conformed to the law."

According to IC 1971, 4-22-1-2, Ind. Ann. Stat. § 63-3002 (Burns 1972 Cum. Supp.), it is apparent that the Legislature has sought to exempt the State Tax Board from the procedural requirements common to an adjudicatory authority. The State Board of Tax Commissioners was expressly excluded from complying with the Administrative Adjudication Act. This is also evidenced by the State Tax Board's specific exclusion from the definition of "[a]dministrative adjudication" in § 63-3002, *supra,* as follows:

> " 'Administrative adjudication' means the administrative investigation, hearing and determination of any agency of issues or cases applicable to particular persons, *excluding,* however, the adoption of rules and regulations; the issuance of warrants or jeopardy warrants for the collection of taxes or employment security contributions; the payment of benefits by the employment security division; *the review by the state board of tax commissioners of budgets,* appropriations, *tax levies* and bond issues; determination of eligibility and need for public assistance under the welfare laws; * * *." (Emphasis supplied.)

IC 1971, 6-1-38-6, Ind. Ann. Stat. § 64-1607 (Burns Code Edition), reads as follows:

"Hearing officers—Procedure.—When under the provisions of any statute, the state board of tax commissioners is required to conduct a hearing, a member or members of such board need not be present or preside at such hearing, but the board shall have the power to appoint, by an order in writing, hearing officers to so preside, whose duties shall be prescribed in such order. In the discharge of their duties, such hearing officers shall have all the powers granted to the board to investigate and to require evidence. The board may conduct any number of hearings contemporaneously through different hearing officers. At the conclusion of the hearing, the hearing officer shall make a written report thereof. After receipt of such report the board may take further evidence or hold further hearings. The decisions of the board shall be based upon such report, additional evidence, and records as the board deems pertinent."

This section is almost identical to IC 1971, 4-23-5-1, Ind. Ann. Stat. § 64-1631 (Burns 1972 Cum. Supp.). These statutes provide that the State Board of Tax Commissioners may conduct several hearings at the same time on the same matter. Each of the several hearings may be conducted before a different representative. Thus, different evidence could be presented at the several contemporaneous hearings. In addition to the reports from the various hearing representatives the board may consider any additional evidence or records as it deems pertinent.

Thus, in reaching a decision the board may consider the evidence that was presented at the several contemporaneous hearings and any other additional evidence or records which were not theretofore presented.

The majority opinion relies on three cases to substantiate their position: *Goldberg* v. *Kelly* (1970), 397 U.S. 254, 25 L. Ed. 2d 287, 90 S.Ct. 1011; *Doran* v. *Board of Ed. of Western Boone Co. Com. Sch.* (1972), 152 Ind. App. 250, 283 N.E.2d 385, 31 Ind. Dec. 149 (transfer denied); *Monon Railroad* v. *Public Service Comm. of Indiana* (1960), 241 Ind. 142, 170 N.E.2d 441.

In *Goldberg* v. *Kelly, supra,* the court was dealing with a question which concerned the private rights of an individual where it held that procedural due process was unlawfully denied. Thus, the hearing in that case was clearly of an adjudicatory nature and naturally susceptible to a finding by the Supreme Court of the United States of a lack of due process. The court there stated that, "[s]uch benefits are a matter of statutory entitlement for persons qualified to receive them. Their termination involves state action that *adjudicates* important *rights.*" (Emphasis supplied.) (At 261-262 of 397 U.S., at 1017 of 90 S.Ct.)

*Doran* v. *Board of Ed. of Western Boone Co. Com. Sch., supra,* involved the dismissal of a school teacher after a hearing within the terms and conditions of his contract. At 389 of 283 N.E.2d, the court said, "In our opinion, such a procedure is necessarily unfair and, therefore, not a hearing within the terms and conditions of plaintiff's contract, and is so prejudicial to the plaintiff-appellant that he did not receive a fair hearing." Further, at 391 of 283 N.E.2d, the court said:

> "In the case at bar we are constrained to hold that the conduct and action of the School Board and its personal actions and investigations made prior to the Board's hearing as an administrative agency was a gross abuse of discretion and, therefore, violated plaintiff-appellant's rights under the Fourteenth Amendment to the United States Constitution, and is contrary to law."

In the instant case there is no showing that the State Board acted in bad faith or corruptly, or has grossly abused its discretion.

*Monon Railroad* v. *Public Service Comm. of Indiana, supra,* was an appeal from an adverse order of the Public Service Commission of Indiana. The Public Service Commission acts in a quasi-judicial capacity and usually in an adversary proceeding. It is required to make special findings of fact which must be based upon substantial evidence upon which its orders are based. The *Monon Railroad* case was an adversary quasi-judicial proceeding in which the Public Service Com-

mission failed to make specific findings of fact. The court held that in such a proceeding the Commission cannot act on its own independent information.

The statutory hearings required to be held by the State Board of Tax Commissioners are not quasi-judicial adversary proceedings. The State Board is not required to make specific findings.

The legislation which created the Public Service Commission conferred upon it different courses of procedure and different rules of decision in the performance of its function than the Legislature imposed upon the State Board of Tax Commissioners. If the Legislature had intended the State Board of Tax Commissioners to operate under the same procedure and rules as the Public Service Commission, the Acts would have been drawn in similar language. However, here we are at the opposite poles of administrative hearings.

Clearly, a blanket definition may not be attached to "administrative hearing." Rather, there are different types of hearings which are susceptible to different rules and requirements. Although all of the cases cited in this respect in the majority opinion, together with the instant case, may fall into the broad category of administrative hearing, hearings referred to in the former can be shown to be of an adjudicatory nature while the hearing in the latter was conducted by an informal body devoid of the broader procedural powers common to adjudicatory proceedings and thus conforms more to the characteristics of a quasi-legislative body.

I would reverse the judgment of the trial court.

NOTE.—Reported at 294 N.E.2d 646.