Donald E. **CASTELLO** and Vernon Atwater, Petitioners,

v.

**STATE BOARD OF TAX COMMISSIONERS,** Respondent.

No. 49T10–9206–TA–00045.

Tax Court of Indiana.

Aug. 15, 1994.

Curtis J. Dickinson, Dickinson & Associates, Indianapolis, Jeffrey S. Bate, Bate, Harrold & Meltzer, Shelbyville, for petitioners.

Pamela Carter, Atty. Gen., Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioners, Donald E. Castello and Vernon Atwater (collectively the Taxpayers), appeal the final determination of the Respondent, the State Board of Tax Commissioners (the State Board), valuing the improvements on their Elkhart County commercial property for the March 1, 1989 assessment.

### ISSUE

Whether the State Board abused its discretion in reassessing the property.

### FACTS

The Taxpayers own commercial property in Elkhart, Indiana. The property consists of four buildings [1] used for manufacturing and storage and the land upon which the buildings are located. The property was assessed by the county assessor at $62,670 for land and $361,400 for improvements, totaling $424,070 for the March 1, 1989, assessment.

The Taxpayers filed a Form 130 Petition for Review of their 1989 assessment with the Elkhart County Board of Review (the County Board) on January 19, 1990. On August 17, 1990, the County Board issued its final determination, lowering the assessment to $60,000 for land and $275,730 for improvements, totaling $335,730.

On September 17, 1990, the Taxpayers filed a Form 131 Petition for Review, asserting various grounds for appeal. The State Board held a hearing on the Taxpayers' petition on March 6, 1991, and later inspected

---

1. Building 1, the main plant building, is a two-story structure having 46,368 square feet. Building 1 has a 4,783 square feet attached office (Office). Buildings 2, 3, and 4 are block buildings with 5,600, 5,000, and 3,072 square feet respectively. Building 4 has an attached mobile home industrial office (Industrial Office) with 672 square feet.

the property on August 28, 1991. Both the hearing and inspection were conducted by State Board hearing officer Roger Zentz.

Zentz filed his reassessment recommendations with the State Board. The State Board, adopting Zentz's recommendations, issued its final determination on May 15, 1992. The State Board assessed the land at $60,000 and the improvements at $250,400 for a total assessed value of $310,400. The Taxpayers now appeal. Additional facts will be provided as necessary.

## STANDARD OF REVIEW

■ The court will reverse a State Board final determination only when it is unsupported by substantial evidence, constitutes an abuse of discretion, exceeds statutory authority, or is arbitrary and capricious. *Wirth v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 613 N.E.2d 874, 876 (citing *Hatcher v. State Bd. of Tax Comm'rs* (1992), Ind.Tax, 601 N.E.2d 19, 20). "[The Taxpayers bear] the burden to show the State Board's assessment was inaccurate." *Id.* (citing *Meridian Hills Country Club v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 911, 913).

## DISCUSSION AND DECISION

### A. Use of Contractor Bids

■ The Taxpayers petitioned the State Board for review of their 1989 assessment, claiming the County Board failed to consider contractor bids in assessing the Taxpayers' property. The State Board denied the Taxpayers' petition on the ground that contractor bids are not an appropriate means for assessing real property in Indiana. The State Board was correct.

In Indiana, real property is assessed according to true tax value. IND.CODE 6-1.1-31-5(a). The rules and regulations promulgated by the State Board are the basis for determining true tax value. *Id.; Governours Square Apartments v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 528 N.E.2d 864, 865. Duly promulgated rules and regulations have the force and effect of law. *Hoo-*

*sier Energy Rural Elec. Corp. v. Indiana Dep't of State Revenue* (1988), Ind.Tax, 528 N.E.2d 867, 873, *aff'd* (1991), 572 N.E.2d 481. Moreover, assessors are required by statute to comply with the State Board's regulations. *Governours Square,* 528 N.E.2d at 865. The regulations provide the instructions and methods to be used for the assessment of property. *See* 50 I.A.C. 2.1-2-1. The regulations do not authorize the use of contractor bids. *See id.* Assessment by means of contractor bids is therefore an inappropriate means to calculate the true tax value of property. The Taxpayers failed to meet their burden to show the assessment of their property was inaccurate on the issues they raised.

### B. The State Board's Reassessment

■ After the State Board's hearing on the Taxpayers' Form 131, the State Board inspected and reassessed the Taxpayers' land, buildings, and asphalt. This reassessment was conducted *sua sponte* by the State Board. The Taxpayers claim it was an abuse of the State Board's discretion.

"The State Board may address and correct all errors in an assessment, even those errors not raised in the taxpayer's petition for review." *Wirth,* 613 N.E.2d at 879 (citing *State Bd. of Tax Comm'rs v. Oliverius* (1973), 156 Ind.App. 46, 294 N.E.2d 646). *See* IND.CODE 6-1.1-15-4. Accordingly, the State Board did not abuse its discretion in assessing the Taxpayers' property.

■ "If the State Board does in fact address issues not raised by the taxpayer, however, the taxpayer is constitutionally empowered to respond to the State Board's disposition of those issues." *Wirth* at 879 (citing *Oliverius* at 46, 294 N.E.2d at 646). Zentz inspected the Taxpayers' property and made recommendations for reassessment of the property, including matters not raised by the taxpayers in their appeal. Without holding an additional hearing, the State Board adopted Zentz's recommendations. Hence, the State Board did not provide the Taxpay-

ers the opportunity to rebut the evidence on the newly raised issues.[2]

It is well settled that an opportunity to meet and rebut adverse evidence is one of the minimum requirements of due process in an administrative hearing. *See Public Serv. Comm. v. Indiana Bell Tel. Co.* (1955), 235 Ind. 1, 130 N.E.2d 467; *Oliverius* at 54, 294 N.E.2d at 651 citing *Goldberg v. Kelly* (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; *Doran v. Board of Educ. of W. Boone County Community Sch.* (1972), 152 Ind.App. 250, 283 N.E.2d 385. Therefore, although the State Board is not prohibited from considering *ex parte* evidence as it did in the case at bar, it is required to provide taxpayers an opportunity to review and rebut that *ex parte* evidence. *Lantern Hills Conservancy District v. Indiana State Bd. of Tax Comm'rs* (1987), Ind.Tax, 516 N.E.2d 119, 121; *Oliverius* at 54, 294 N.E.2d at 651. *See Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; *Goldberg,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; *Doran,* 152 Ind. App. 250, 283 N.E.2d 385. In both *Lantern Hills* and *Oliverius,* as in the case at bar, evidence was received and considered by the State Board after the hearing and an additional hearing was not held prior to the State Board's final determination. The appellate court in *Oliverius* and this court in *Lantern Hills* remanded the matter to the State Board for a hearing.

In *Wirth,* however, the court determined that the right to an opportunity to rebut evidence was satisfied at the judicial level on the facts of that case. *Wirth,* 613 N.E.2d at 879–80. Unlike *Lantern Hills* and *Oliverius,* the taxpayers in *Wirth* did not dispute the assessment of their property, but simply the State Board's authority to make the assessment. *See id.*

The State Board has the primary responsibility to assess the property taxes imposed by the legislature. *Bielski v. Zorn* (1994), Ind.Tax, 627 N.E.2d 880. The State Board is Indiana's "property tax expert." *Miller v. Gibson County Solid Waste Management Dist.* (1993), Ind.Tax, 622 N.E.2d 248. It would be inappropriate to provide a petitioner with the opportunity to rebut a reassessment and present evidence in court, only then to remand the case as required by IND.CODE 6–1.1–15–8 to the State Board to hear the same evidence. *Cf. Neal v. Pike Township* (1988), Ind.App., 530 N.E.2d 103 (when an issue remains for the administrative agency, it is premature for the court to determine secondary issues). Accordingly, the appropriate arena for the Taxpayers' initial rebuttal of the reassessment of their property is at the administrative level.[3] Giving the taxpayer the opportunity to rebut, however, does not imply the State Board's assessment was in error, and the court expresses no opinion on the propriety of the assessment. Today's ruling simply returns the parties to their respective positions prior to the State Board's entry of the final determination, and the burden lies with the Taxpayers to avail themselves of the opportunity to rebut.[4]

---

2. The State Board asserts that the Taxpayers were provided the opportunity to rebut the evidence at the inspection. The court, however, rejects this argument. The inspection of property, while part of the State Board's review process, does not in itself constitute either a hearing or the opportunity to rebut. *See State Bd. of Tax Comm'rs v. Aluminum Co. of America* (1980), Ind.App., 402 N.E.2d 1316.

3. Today's ruling should not be misconstrued. In the typical case, when the State Board has given the taxpayer the opportunity to rebut, the taxpayer retains the burden in this court to show evidence the State Board's decision was unsupported by substantial evidence, constitutes an abuse of discretion, exceeds statutory authority, or is arbitrary and capricious. *Meridian Hills,* 512 N.E.2d at 913.

4. At the remand hearing, the State Board will consider the depreciation of Building 1 and the Office. At trial, Zentz admitted that the depreciation for Building 1 should have been determined on a 30 year economic life table, rather than on a 40 year economic life table that he used. Therefore, remand to the State Board for the determination of proper depreciation is necessary.

## CONCLUSION

For the reasons stated, the court now RE-MANDS this matter to the State Board for a hearing on the reassessment of the Taxpayers' property.